MARY W. LINEBACK, ADMINISTRATRIX OF THE ESTATE OF JAMES CHARLIE CARR, JR., DECEASED v. HAZEL DORA WOOD

No. 6925SC219

(Filed 30 April 1969)

**1. Trial § 18— role of jury — weight and credit of evidence**

It is for the jury, not the court, to determine the weight and credit to be given the testimony of the witnesses and to resolve the conflicts and inconsistencies in the evidence.

**2. Appeal and Error § 59— review of judgment of involuntary nonsuit**

On appeal from entry of judgment of involuntary nonsuit, plaintiff's evidence is to be taken as true and considered in the light most favorable to plaintiff; where plaintiff's evidence as disclosed by the record on appeal was sufficient to withstand defendant's motion, a new trial must be ordered.

APPEAL by plaintiff from *Bryson, J.,* 20 January 1969 Session, CALDWELL Superior Court.

Plaintiff brings this action for the wrongful death of her intestate, a nine-year-old male child. Plaintiff alleges that the death of the intestate was the proximate result of the negligent operation of a motor vehicle by the defendant on 18 January 1966.

At the close of the plaintiff's evidence, the trial judge, upon motion of the defendant, entered a judgment of involuntary nonsuit. Plaintiff appealed, assigning as error the entry of judgment of nonsuit.

*Smathers & Ferrell, by Forrest A. Ferrell, for plaintiff appellant.*

*Townsend & Todd, by J. R. Todd, Jr., for defendant appellee.*

BROCK, J.

**[1, 2]** This appeal presents no novel or new question; it presents only the question of whether plaintiff's evidence is sufficient to survive the motion for nonsuit. The plaintiff's evidence in this Record on Appeal is conflicting and inconsistent upon the question of how the accident occurred; however, it is for the jury, not the court, to determine the weight and credit to be given the testimony of the witness and to resolve the conflicts and inconsistencies in the evidence. *Brinkley v. Insurance Co.,* 271 N.C. 301, 156 S.E. 2d 225; *Tindle v. Denny,* 3 N.C. App. 567 (filed 5 February 1969). When viewed in the light of the well established rule that on a motion to nonsuit, the plaintiff's evidence is to be taken as true and be con-

sidered in the light most favorable to the plaintiff, *Brinkley v. Insurance Co., supra,* we hold that plaintiff's evidence, as disclosed by this Record on Appeal, was sufficient to withstand defendant's motion. It follows that we disagree with the trial judge upon this question, and that a new trial must be ordered.

New trial.

CAMPBELL and MORRIS, JJ., concur.