SUE TAYLOR CREWS AND ROSCOE T. TAYLOR, JR., PETITIONERS
v. THOMAS TAYLOR, RESPONDENT

No. 7415SC161

(Filed 17 April 1974)

1. Wills § 32— "it is my desire" — mandatory words
    Where testator specifically required that property be partitioned among his three children, but he also stated that "it is my desire" that one of the children repay monies in the amount of $5000 before sharing in the partition of the real estate, testator's words with respect to repayment of the monies were mandatory and not precatory.

2. Wills § 28— advancements — ordinary meaning given to term
    Where it is obvious that the testator was not attempting to use technical words, the words used will be given their natural and ordinary meanings; therefore, where it appears that testator did not mean to use the word "advancement" in its statutory form when referring to money given his son, the word is given its ordinary meaning.

APPEAL from Winner, Judge, 12 November 1973 Session of ORANGE County Superior Court. Argued in the Court of Appeals 20 February 1974.

The petitioners brought an action against the respondent alleging that the three are joint tenants of certain real property acquired by devise. They petitioned the court for a partition of said property. The respondent denied that Roscoe T. Taylor, Jr., was a tenant in common in that he had not paid the sum of $5,000.00 required to be paid by him before he could participate in the devised property. The petitioners filed a reply denying any indebtedness to the estate, alleging that the item of the will in question was precatory only, and requesting that the matters prayed for in the petition be granted. Thereupon, the petitioners moved for summary judgment and judgment on the pleadings. The trial court denied the motion for summary judgment and judgment on the pleadings and, on its own motion, awarded judgment on the pleadings to the respondent. It ordered the Clerk of Court to sell the land in question, deduct $5,000.00 from the share of Roscoe T. Taylor, Jr., and distribute the remaining funds to the petitioners and respondent. From the entry of said order, the petitioners gave notice of appeal.

*Winston, Coleman and Bernholz by Alonzo Brown Coleman, Jr. for petitioner-appellant.*

*Graham and Cheshire by Lucius M. Cheshire for respondent-appellee.*

CARSON, Judge.

Roscoe T. Taylor, Sr., devised to his wife all of his personal property in fee simple and all of his real estate to her for and during the term of her natural life. Upon her death he devised his real estate to his children, the petitioners and respondent in this matter. He directed that "[i]n the division of my real estate, I direct that the same be actually partitioned under the orders of the Court as provided by law." The fourth item of his will is the portion in controversy here. It reads as follows:

FOURTH: I have advanced to my son, Roscoe T. Taylor, Jr., at various times $5,000.00, and it is my desire that he account to my Estate for this amount without interest and that the same be paid before he participates in the division of the real estate.

The question before us is whether this language is precatory or imperative.

[1]  It is well settled in this jurisdiction that the intent of the testator is the primary consideration in determining a patent ambiguity in a will. *YWCA v. Morgan, Attorney General,* 281 N.C. 485, 189 S.E. 2d 169 (1972) ; *Bank v. Home for Children,* 280 N.C. 354, 185 S.E. 2d 836 (1972) ; 7 Strong's N. C. Index 2d, Wills, § 28, pp. 595-598. A patent ambiguity arises from the use of the words "it is my desire" as to whether these words are precatory or mandatory. They are susceptible of either interpretation depending on the connotation in which they are used. Under the circumstances of this will, we think it is clear that the testator intended them to be mandatory. The testator specifically required that the property be partitioned among his three children. Prior to such partition, however, he stated that he had made certain advancements to one child. He stated that the advancements should be accounted for without interest before the child could share in the partition of the real estate.

[2]  The petitioners contend that the word "advancement" is a word of art, relates only to intestate succession, has a specific meaning, and thus does not apply here. While it is undoubtedly true that "advancement" ordinarily is a word of art having a specific meaning, it appears that the testator did not mean the word to be used in its statutory form. Where it is obvious that the testator was not attempting to use technical words, they will be given their natural and ordinary meanings. *Kale v. Forrest,* 278 N.C. 1, 178 S.E. 2d 622 (1971) ; *Elledge v. Parrish,* 224 N.C. 397, 30 S.E. 2d 314 (1944) ; 7 Strong's N. C. Index 2d, Wills, § 28, p. 603. It appears obvious in the present usage that the testator used the word "advancement" in an ordinary sense. Considering the will in its entirety, it seems that he wished item 4 to be imperative rather than precatory; and, therefore, the monies advanced to the petitioner must be accounted for before the property is partitioned.

The respondent in this matter did not move for summary judgment or judgment on the pleadings. *Kessing v. Mortgage Corp.,* 278 N.C. 523, 180 S.E. 2d 823 (1971) ; *Pridgen v. Hughes,* 9 N.C. App. 635, 177 S.E. 2d 425 (1970) ; G.S. 1A-1, Rule 56(b). Rather, the trial judge granted such on his own motion. This practice is not to be commended and was erroneous as applied to the situation in question. The petitioners denied any indebtedness existed between Roscoe T. Taylor, Jr., and the estate. This was a factual question to be answered appropriately. If he was not indebted to the estate, there would be no accounting re-

quired. If he was indebted to the estate for the monies given to him by the testator, the provisions of the will would require him to account for the $5,000.00 advanced to him or for whatever portion thereof has not been repaid.

The judgment on the pleadings is reversed and the cause remanded for a hearing.

Chief Judge BROCK and Judge MORRIS concur.