CARRIE YOUNG v. BOBBY L. BARRIER AND WIFE, DELORES BARRIER.

(Filed 2 November, 1966.)

**1. Master and Servant § 22—**

The employer is not an insurer of the safety of his employee but is liable for injury to the employee resulting from the employer's negligence in failing to exercise ordinary care under the circumstances to provide the employee a reasonably safe place to work and prevent the employee from being subjected to unreasonable risks or dangers, and the duty to exercise such care is absolute and nondelegable.

**2. Master and Servant § 24—**

Where the employer has actual or constructive notice of a hidden defect constituting a danger to the safety of the employee in performing his duties, and the employee is not warned of the defect and has no knowledge thereof, the employer is ordinarily liable for injuries to the employee proximately resulting therefrom.

**3. Master and Servant § 22—**

The general common law principles governing the liability of a master for injury to his servant applies to domestic servants.

**4. Master and Servant §§ 22, 23—  Whether employer was liable for injuries to employee in fall when rotten railing broke held for jury.**

Defendants are husband and wife who had employed plaintiff as a domestic servant. The evidence tended to show that the *feme* defendant demonstrated the method and instructed the plaintiff to sweep under a porch railing by leaning over the railing, that the railing at the place where it was attached to the post was rotten but that it had been painted over so that the defect was not observable, and that as plaintiff was sweeping under the railing by leaning over it as instructed the railing broke loose from the post on account of the railing's rotten condition, causing plaintiff to fall to her injury. *Held*, the evidence was sufficient to be submitted to the jury on the issue of defendants' negligence and does not disclose contributory negligence as a matter of law on the part of plaintiff.

APPEAL by plaintiff from *Lupton, J.,* March 1966 Civil Session of DAVIDSON.

Civil action to recover damages for personal injuries allegedly caused by defendants' actionable negligence in failing to provide plaintiff, their domestic servant, a reasonably safe place to work.

Defendants filed a joint answer in which they admit, as alleged in the complaint, that on and prior to 10 September 1963 they were husband and wife and resided with their minor children in their home near the corporate limits of the city of Thomasville; that plaintiff was employed by them as a domestic servant to perform washing, cleaning, sweeping, mopping, and other domestic work in their home; and that at all times alleged in the complaint plaintiff worked under the direct supervision of the defendants, and especially under the direction and supervision of the *feme* defendant, who, at all times complained of in the complaint, was the wife of the male defendant and acted as his agent in directing plaintiff in the performance of all domestic work. In their answer they deny all essential elements of negligence alleged in the complaint, and pleaded contributory negligence of plaintiff as a bar to recovery.

From a judgment of compulsory nonsuit entered at the close of plaintiff's case, she appeals.

*W. H. Steed for plaintiff appellant.*

*Roberson, Haworth & Reece by Arthur M. Utley, Jr., and David L. Maynard for defendant appellees.*

PARKER, C.J. Plaintiff's evidence, considered in the light most favorable to her, and giving her the benefit of all reasonable inferences to be drawn therefrom, and the judicial admissions in the answer *(Norburn v. Mackie,* 262 N.C. 16, 136 S.E. 2d 279), would permit a jury to find the following facts:

On 10 September 1963 plaintiff was employed by defendants as a domestic servant to perform ordinary domestic work in defendants' home, which included sweeping floors and looking after defendants' children. Prior to that date she had worked for defendants one to three days a week as defendants requested her services. The front porch of defendants' home is about six feet above the ground. The porch had a top railing consisting of a board connected with a post at the west end of the porch and running horizontally several feet to and connecting with another post, and running horizontally from that post several feet to and connecting with the outside wall of a room of defendants' home. The top of this railing came up to about plaintiff's hips. Beneath the top board was a similar board, which was about five inches from the floor of the porch, running horizontally and connected with the same posts and the same wall of defendants' home. Between these boards at frequent intervals were wooden slats. Hay for small ponies was kept by defendants on this porch. On the morning of 10 September 1963 Mrs. Barrier told plaintiff that Sherry, her small daughter, had just started walking

and she might pick up something from the porch and get it in her mouth, and she took a broom, leaned over the railing, and asked her to sweep underneath good and not to leave anything for the baby to get in her mouth. At the time there was no furniture on the porch, except one chair in which Sherry was sitting. After Mrs. Barrier instructed her how to clean out from under this railing by taking the broom and leaning over and outside the railing, she went in the house to get ready to carry the other children to the kindergarten.

Plaintiff at the time weighed about 240 pounds. She took a broom and started at the west end of the porch right where the railing connected with the post. She leaned over the railing to clean beneath it, as Mrs. Barrier had instructed her to do, and the railing, which was rotten, came apart from the post and she fell from the porch six feet to the ground. A piece of the railing or bannister was lying across her body, and it was rotten, completely rotten. About six months before, this railing had been painted and the paint was over the rotten places so she could not see the rotten places in the railing.

In the fall her collarbone was broken and her right leg was hurt. By reason of her injuries she could not get up from the ground and lay there about 20 or 25 minutes. About 10 minutes after she fell, Mr. Barrier came running around the house to where she was lying on the ground. He told her he was sorry she was hurt, and it was his fault, that the railing should have been fixed when he painted it about six months previously. Since the *feme* defendant lived in the same house with her husband, the jury could draw the legitimate inference that the rotten condition of this railing before it was painted was also known to her.

According to the judicial admissions in the answer and the evidence, defendants were the employers of plaintiff and she was their employee on the day she was injured, and when injured she was leaning over the railing to the front porch and attempting to sweep beneath it within the course and scope of her employment, as she was specifically shown and directed to do by Mrs. Barrier, when the railing, because of its rotten condition, broke loose where it was connected with the post at the west end of the porch, resulting in plaintiff's falling six feet to the ground.

Actionable negligence on the part of the employer is essential to his liability at common law for an injury sustained by his employee when acting in the course and scope of his employment. The employer, however, is not an insurer of his employee's safety while engaged in the performance of duties within the scope of his employment. *Fore v. Geary*, 191 N.C. 90, 131 S.E. 387; *Muldrow v. Weinstein*, 234 N.C. 587, 68 S.E. 2d 249; 3 Strong's N. C. Index, Master and Servant, § 22.

It was the legal duty of defendants, employers of plaintiff, under the allegations and proof to exercise the care of an ordinary prudent man under like circumstances to provide plaintiff a reasonably safe place to work, and to prevent her from being subjected to unreasonable risks or dangers. *Kientz v. Carlton*, 245 N.C. 236, 96 S.E. 2d 14; *Baker v. R. R.*, 232 N.C. 523, 61 S.E. 2d 621; 3 Strong's N. C. Index, Master and Servant, § 22. This duty is absolute and nondelegable. *Smith v. Granite Co.*, 202 N.C. 305, 162 S.E. 731; 56 C.J.S., Master and Servant, § 186.

When an employee has been directed by his employer to work in a place that is unsafe and dangerous because of a hidden or concealed defect and the employer has actual or constructive notice of the defect and the employee is ignorant of it, the employer as a general rule is liable for exposing the employee to a peril of which he had no knowledge when it proximately results in injury to the employee. *Cole v. R. R.*, 199 N.C. 389, 393, 154 S.E. 682, 685; 56 C.J.S., Master and Servant, § 244; 35 Am. Jur., Master and Servant, §§ 149 and 184; Prosser, Law of Torts, 3d Ed., pp. 546-48.

The general common law principles governing the liability of a master for injury to his servant have been applied in cases involving domestic servants. *Devens v. Goldberg*, 33 Cal. 2d 173, 199 P. 2d 943; *Gordon v. Clotsworthy*, 127 Colo. 377, 257 P. 2d 410, 49 A.L.R. 2d 314; elaborate annotation 49 A.L.R. 2d 317, entitled "Duty and liability of employer to domestic servant for personal injury or death"; 35 Am. Jur., Master and Servant, § 138; 56 C.J.S., Master and Servant, § 201.

In *Devens v. Goldberg, supra,* the Court, *inter alia,* held, as stated in headnotes in the Pacific Reporter:

> "In action against employer for injuries sustained by cleaning woman when porch railing gave way while she was shaking rug, whether a defective condition in railing existed, whether a reasonable inspection would have revealed the defect, and what constituted a reasonably adequate inspection under ceircumstances were questions for jury."

> "It is common knowledge that all wooden structures are liable to get out of repair and that exercise of care is necessary to guard against the wear and tear of use and time."

In the lower court a judgment was entered for the defendant notwithstanding a verdict for Katherine Devens, the plaintiff, and the plaintiff appealed. The prior opinion is reported in 189 P. 2d 859. The Supreme Court of California sitting *en banc* reversed the judgment of the trial court and directed the trial court to enter judgment for the plaintiff in accordance with the verdict.

Under the judicial admissions and the evidence, the jury could find that plaintiff was a domestic servant of defendants, and that the *feme* defendant in directing and showing her how to lean over and to sweep under the railing to the front porch was acting as her husband's agent; that the defendants breached their absolute duty to provide her a reasonably safe place to work in instructing and showing her how to lean over and to sweep under the railing of the front porch when they knew that the railing where it connected with the post on the west end was rotten, and when they knew that this rotten condition of this railing was covered with paint so that plaintiff could not know of it or see it, and all this constituted a breach of the duty which the defendants under the circumstances owed her, and when she leaned over the railing to sweep beneath it in the course and scope of her employment, as she was instructed to do by *feme* defendant, it broke loose from the post at the west end because it was rotten, and she fell to the ground; that this rotten condition of the railing which was concealed from her and known to defendants proximately caused her injuries; and that the breach of duty defendants owed her was such that a reasonably prudent man would have foreseen it would likely be productive of injury. The evidence clearly tends to show actionable negligence on the part of both defendants.

What is the proximate or a proximate cause of an injury is ordinarily a question for a jury. It is to be determined as a fact from the attendant facts and circumstances. Conflicting inferences of causation arising from the evidence carry the case to the jury. *Pruett v. Inman*, 252 N.C. 520, 114 S.E. 2d 360. The uncontradicted evidence in the record before us shows that plaintiff was attempting with a broom to lean over and to sweep beneath the railing on the front porch as she was directed to do by the *feme* defendant, who at the time was acting as an agent for her husband; that the railing, because of its rotten condition, broke loose where it was fastened to the post at the west end of the front porch; that the rotten condition of the railing was covered over with paint so that plaintiff could not see it or could not know of it; and that when the railing broke loose plaintiff fell to the ground. Considering plaintiff's evidence in the light most favorable to her, *Short v. Chapman*, 261 N.C. 674, 136 S.E. 2d 40, it cannot be said that it establishes as a matter of law that plaintiff failed to exercise ordinary care for her own safety and legal contributory negligence on her part so clearly that no other conclusion can be reasonably drawn therefrom.

The judgment of compulsory nonsuit was improvidently entered, and is

Reversed.