ENNIE MAE PRIDGEN v. WILLIAM HUGHES AND WIFE, JERLENE HUGHES

No. 7026DC449

(Filed 18 November 1970)

1. **Rules of Civil Procedure § 56— summary judgment — types of action — availability to all parties**

   Rule 56 of the North Carolina Rules of Civil Procedure, relating to summary judgment, is not limited in its application to any particular type or types of action, and the procedure is available to both plaintiff and defendant.

2. **Rules of Civil Procedure § 56— summary judgment — negligence cases**

   While summary judgment will often not be feasible in negligence cases where the standard of the prudent man must be applied, it is proper in such cases where it appears that there can be no recovery even if the facts as claimed by plaintiff are proved.

3. **Rules of Civil Procedure § 56— motion for summary judgment — unsupported allegations in pleading**

> The unsupported allegations in a pleading are insufficient to create a genuine issue of fact where the moving adverse party supports his motion for summary judgment by allowable evidentiary matter showing the facts to be contrary to those alleged in the pleadings. Rule of Civil Procedure No. 56(e).

4. **Rules of Civil Procedure § 56— motion for summary judgment — burden of proof**

> The burden is on the party moving for summary judgment to establish the lack of a triable issue.

5. **Rules of Civil Procedure § 56— motion for summary judgment — supporting affidavits or other materials — burden of opposing party**

> If the party moving for summary judgment by affidavit or otherwise presents materials which would require a directed verdict in his favor if presented at trial, he is entitled to summary judgment unless the opposing party either shows that affidavits are then unavailable to him or comes forward with affidavits or other materials that show there is a triable issue of fact.

6. **Negligence § 59; Rules of Civil Procedure § 56— personal injury action — motion by defendants for summary judgment — adverse examination of plaintiff — failure of plaintiff to offer evidence**

> In this action to recover for personal injuries allegedly sustained when plaintiff slipped on a throw rug in defendants' home and fell, the trial court properly allowed defendants' motion for summary judgment where the adverse examination tendered by defendants as a deposition in support of their motion shows that, nothing else appearing, defendants would be entitled to a directed verdict at trial, and plaintiff offered no evidence in opposition to the adverse examination, the unsupported allegations in plaintiff's complaint being insufficient to overcome the motion for summary judgment.

APPEAL by plaintiff from *Stukes, District Judge,* 12 March 1970 Session District Court, MECKLENBURG County.

Plaintiff instituted action to recover for personal injuries allegedly sustained when she slipped on a throw rug in defendant's home and fell. She alleged that "defendants had just recently waxed the living room floor and had placed the throw rug over the waxed floor next to the front door entrance to the living room," and "that the defendants were negligent in placing the throw rug over the recently waxed floor which would slip upon being stepped on and in failing to warn plaintiff of the dangerous condition thereby created." She alleged that she went to the residence of the defendants "pursuant to the defendants' request, to discuss some work being done by the defendant, Jerlene Hughes, for the plaintiff."

Defendants answered denying all allegations of the complaint with the exception of allegations of residence, and setting up a plea of contributory negligence on the part of plaintiff.

On March 21, 1969, defendants took the adverse examination of plaintiff. On 9 January 1970, defendants moved for summary judgment under Rule 56. The motion was in writing, properly signed, and bore the address and telephone number of counsel as required by the General Rules of Practice for the Superior and District Courts Supplemental to the Rules of Civil Procedure. Plaintiff's adverse examination was tendered as a deposition in support of defendants' motion for summary judgment. Hearing on the motion was had at 9 March 1970 Session of court. Plaintiff submitted no affidavits or depositions nor any other evidence permitted under the Rule, but chose to rely on her complaint. From the entry of judgment allowing the motion for summary judgment and dismissing the action, plaintiff appeals.

*Chambers, Stein, Ferguson & Lanning, by James E. Lanning, for plaintiff appellant.*

*Marvin K. Gray, for defendant appellees.*

MORRIS, Judge.

[1] Summary judgment procedure was first used in England under a rule adopted in 1855 and was applicable only to actions upon bills of exchange and promissory notes. Apparently, New York was the first State in the United States to adopt the procedure, following the English model. Clark, *Summary Judgments,* 2 F.R.D. 364 (1943). The New York rule originally applied only to a debt or liquidated demand arising on either contract or judgment for a stated sum. Subsequent amendments enlarged the categories of actions available for motion for summary judgment by plaintiff and allowed a defendant to move for dismissal in any type of case without being limited to the actions specified in the rule to which a plaintiff is limited. Clark, *Summary Judgments, supra.* Several states adopted a summary judgment rule several years prior to the adoption of the federal rules, but in most cases the rule was restricted in its application. All but New York and Michigan seem to restrict the remedy to the plaintiff. Chadbourn, *A Summary Judgment Procedure for North Carolina,* 14 N.C.L.R. 211. Among the jurisdictions having the summary judgment procedure, there is considerable divergence as to the kinds of cases in which it may be used, but

the most frequent limitation is restriction to claims for liquidated damages and to contract transactions. *A Summary Judgment Procedure for North Carolina, supra.* The adoption of the new Federal Rules of Civil Procedure in 1938 typified the trend of extending the scope of the procedure. Rule 56 of the federal rules eliminated earlier restrictions and made the procedure of summary judgment available to both plaintiff and defendant in all types of cases to which the federal rules are applicable. Gordon, *The New Summary Judgment Rule in North Carolina,* 5 Wake Forest Intramural Law Review 87 (1969). The text of Rule 56 of the North Carolina Rules of Civil Procedure and Rule 56 of the Federal Rules of Civil Procedure are practically the same. Like the federal rule, our new rule is not limited in its application to any particular type or types of action and the procedure is available to both plaintiff and defendant.

[2] While neither the federal rules nor the North Carolina rule excludes the use of the procedure in negligence actions, it is generally conceded that summary judgment will not usually be as feasible in negligence cases where the standard of the prudent man must be applied. Barron and Holtzoff, Federal Practice and Procedure (Wright Ed.) Vol. 3, § 1232.1; Gordon, The New Summary Judgment Rule in North Carolina, *supra.* But summary judgment is proper where it appears that even if the facts as claimed by the plaintiff are proved, there can be no recovery, Barron and Holtzoff, Federal Practice and Procedure, *supra,* thus providing a device for identifying the factually groundless claim or defense.

In *Bland v. Norfolk and Southern Railroad Co., Inc.,* 406 F. 2d 863 (4th Cir.) (1969), it was said: "Summary judgment is to avoid a useless trial. It is a device to make possible the prompt disposition of controversies on their merits without a trial, if in essence there is no real dispute as to the salient facts . . . . While a day in Court may be a constitutional necessity when there are disputed questions of fact, the function of the motion of summary judgment is to smoke out if there is any case, i.e., any genuine dispute as to any material fact, and, if there is no case, to conserve judicial time and energy by avoiding an unnecessary trial and by providing a speedy and efficient summary disposition." There the action was for personal injuries and property damage sustained by plaintiff when her car collided with a train at a railroad crossing. Defendant, by use of interrogatories, obtained plaintiff's version of the accident. She

said she had good visibility, the road was dry, she was familiar with the crossing, became aware of the train when she was traveling 30 to 35 m.p.h., that the train was about the same distance from the crossing as her car when she first saw the train, that she applied her brakes when she was 77 feet from the nearest rail. Defendant moved for summary judgment and used plaintiff's answers to the interrogatories in support of the motion. The motion was allowed by the District Court, and the Court of Appeals affirmed. For a similar situation see *Richardson v. Kubota*, 337 F. 2d 842 (4th Cir. 1964).

In the case now before us, defendants used plaintiff's adverse examination as a deposition in support of their motion. Plaintiff testified that she and defendants were next-door neighbors and that she had been in their home on other occasions, that on the afternoon of her injury she went to defendants' home for the purpose of paying the *feme* defendant Hughes $10.60 for some perfume which Mrs. Hughes had purchased for plaintiff at Montaldo's, that she entered the house at the front door, went through the living room to the dining room and sat down and talked for a while with Mr. Hughes, that the living room was lighted, that the floors were pretty and shiny but she could not say she was certain there was wax on the floor, that she did not notice the whole floor but in the area where she was sitting the floor looked the same and did not appear to be more shiny in one spot than another, that she waited a few minutes for Mrs. Hughes and started to leave, that as she started out the front door she slipped on a throw rug and fell across the arm of a chair and to the floor on the rug.

[3]  Plaintiff offered no evidence of any kind. Section (e) of Rule 56 clearly states that the unsupported allegations in a pleading are insufficient to create a genuine issue of fact where the moving adverse party supports his motion by allowable evidentiary matter showing the facts to be contrary to that alleged in the pleadings. Gordon, *The New Summary Judgment Rule in North Carolina, supra.*

[4, 5]  The burden is on the moving party to establish the lack of a triable issue of fact. The evidentiary matter supporting the moving party's motion may not be sufficient to satisfy his burden of proof, even though the opposing party fails to present any competent counter-affidavits or other materials. *Griffith v. William Penn Broadcasting Co.* (E.D. Pa. 1945) 4 F.R.D. 475.

Rawleigh, Moses & Co. v. Furniture, Inc.

"But if the moving party by affidavit or otherwise presents materials which would require a directed verdict in his favor, if presented at trial, then he is entitled to summary judgment unless the opposing party either shows that affidavits are then unavailable to him, or he comes forward with some materials, by affidavit or otherwise, that show there is a triable issue of material fact. He need not, of course, show that the issue would be decided in his favor. But he may not hold back his evidence until trial; he must present sufficient materials to show that there is a triable issue." Moore's Federal Practice, 2d Ed., Vol. 6, § 56.11(3), p. 2171.

[6] We are of the opinion that defendants have, by plaintiff's adverse examination, sufficiently met their burden of proof. Nothing else appearing, defendants would be entitled to a directed verdict at trial. *Jenkins v. Brothers*, 3 N.C. App. 303, 164 S.E. 2d 504 (1969). The unsupported allegations in the complaint are not sufficient to overcome the motion for summary judgment.

Affirmed.

Judges BROCK and GRAHAM concur.