NANNIE IVA JOYCE, PLAINTIFF v. CITY OF HIGH POINT, DEFEND-
    ANT AND THIRD-PARTY PLAINTIFF v. AMERICAN FRIENDS SERV-
    ICE COMMITTEE, INC., THIRD-PARTY DEFENDANT

No. 7518SC1015

(Filed 4 August 1976)

Municipal Corporations § 14— defective sidewalk — injury to pedestrian
    — summary judgment proper

    In an action to recover for injuries sustained by plaintiff when she fell on a sidewalk allegedly negligently maintained by defendant city, the trial court properly entered summary judgment for defendants where the evidence tended to show that part of the sidewalk was elevated one to two inches, the mishap occurred during the day when the sun was shining, the defect had been present for several years, and plaintiff did not see the defect until she fell.

APPEAL by plaintiff from *Albright, Judge.* Judgment entered 18 August 1975 in Superior Court, GUILFORD County. Heard in the Court of Appeals 6 April 1976.

In her complaint, filed 24 September 1974, the plaintiff alleged that on ". . . or about June 1, 1974 at approximately

1:00 p.m., the plaintiff was walking south on the High Point City sidewalks in the vicinity of Nathan Hunt Drive and South Main Street in front of Quaker Friends Center, in the City of High Point, County of Guilford, North Carolina. At said time, plaintiff stumbled and fell violently to the ground suffering severe injury as a result of an unrepaired and unmarked slab of raised concrete negligently maintained by the City of High Point." Based on the foregoing, the plaintiff maintained that she suffered certain bodily injuries and that said injuries were due to the defendant City of High Point's (hereinafter "City") negligence. Whereupon, plaintiff sought damages totalling $25,000.

Defendant City's answer, filed 9 December 1974, denied plaintiff's substantive allegations, maintained that plaintiff's injuries resulted from her own negligence, contributory or otherwise, and further averred that the plaintiff's injuries, if any, ". . . were solely caused by the negligence of the American Friends Service Committee, Incorporated, the abutting property owner to the sidewalk upon which plaintiff alleges she was injured, in that upon information and belief the American Friends Service Committee, Incorporated, negligently allowed a large tree root to grow from a tree upon its property underneath the sidewalk raising and elevating a portion thereof, and should have known of such defect, thereby giving rise to plaintiff's alleged injuries."

On 9 December 1974, the defendant City brought defendant American Friends Service Committee, Incorporated (hereinafter "AFSC"), into the original action, alleging that the AFSC's negligence entitled the City to contribution from the AFSC for "all of what plaintiff [Joyce] may recover from defendant . . ." City.

Defendant AFSC's answer, filed 3 February 1975, denied defendant City's substantive averments.

Both defendant City and defendant AFSC moved in a joint motion for summary judgment against the original plaintiff Nannie Iva Joyce on 25 June 1975, averring therein that:

"(A) The plaintiff cannot show that the City of High Point had notice of the defect or that the City of High Point knew, or should have known from ordinary supervision, of the existence of a defect in the sidewalk that might be reasonably anticipated to cause injury to travelers.

(B) As a matter of law there was contributory negligence on the part of the plaintiff in failing to keep a lookout for her own safety and observing defects plainly visible in daylight.

(C) There is no negligence on the part of the defendants in not inspecting the sidewalk to discover a one or two inch defect since municipalities do not insure the condition of the streets and sidewalks."

In support of their motion the defendant City and defendant AFSC introduced documentation tending to show that the sidewalk was dry at the time of the 1:00 p.m. mishap, that the " 'sun was shining,' " that plaintiff carried a " 'small sack containing a few things' " and that the allegedly " '. . . defective ledge . . . was approximately one to two inches in height.' "

The defendant City and defendant AFSC also introduced portions of the plaintiff's deposition indicating that the plaintiff did not know of the alleged defect until she fell. Plaintiff explained that she did not see the alleged defect because she was ". . . just looking straight ahead. I don't go with my head down like that."

The movants also presented a photograph showing the scene of the mishap.

In opposition to the motion, plaintiff presented affidavits, answers to interrogatories and portions of her own deposition testimony. Her evidence tended to show that at the time of the mishap she was 69 years old and that she fell when she stepped between the dirt crevice or "gap" formed by the crack in the sidewalk. She also stated that she did not see the defect until she fell. Plaintiff also submitted two affidavits. According to the affidavit of Mrs. L. M. Brown, she ". . . regularly walked from my home to work along Main Street on the sidewalk where Mrs. Joyce fell. I was, at that time, well aware of the defect in the sidewalk, as it was quite obvious and evident even from a distance or from a passing car. The defective ledge upon which she tripped was approximately two inches in height and was present in the sidewalk during the time I used to walk along South Main Street to work. It has been several years since I worked on Main Street, so I am sure the defect in the sidewalk had existed for at least that period of time." Moreover, plaintiff's affidavit of Marjorie Johnson, indicated that she

too ". . . walked regularly to work along the sidewalk in front of the Quaker Friends Center near the Nathan Hunt Drive intersection along South Main Street. The sidewalk in front of the Quaker Friends Center had several defects in it which have existed for a number of years."

Based on the foregoing, the trial court entered summary judgment for both defendant City and defendant AFSC. Plaintiff appealed.

Other facts necessary for decision are set out below.

*Gardner and Tate, by Raymond A. Bretzmann, for plaintiff appellant.*

*Bencini, Wyatt, Early & Harris, by Frank B. Wyatt and William Wheeler, for defendant and third-party plaintiff appellee, City of High Point.*

*Jordan, Wright, Nichols, Caffrey & Hill, by Thomas C. Duncan, for third-party defendant appellee, American Friends Service Committee, Incorporated.*

MORRIS, Judge.

Plaintiff contends that the trial court erred in granting defendant City's and defendant AFSC's joint summary judgment motion. We disagree.

As we have stated previously, ". . . summary judgment is proper where it appears that even if the facts as claimed by the plaintiff are proved, there can be no recovery. . . ." *Pridgen v. Hughes,* 9 N.C. App. 635, 638, 177 S.E. 2d 425 (1970) ; also see *Haithcock v. Chimney Rock Co.,* 10 N.C. App. 696, 179 S.E. 2d 865 (1971).

In support of the motion for summary judgment defendants offered the pleadings, interrogatories and answers thereto, and portions of plaintiff's deposition. In response to the motion, plaintiff introduced the affidavit of Mrs. M. L. Brown, the pleadings, interrogatories and answers thereto, and portions of plaintiff's deposition.

The evidence indicates that as a matter of law the defendant City and defendant AFSC breached no legal duty to plaintiff. In *Bagwell v. Brevard,* 256 N.C. 465, 124 S.E. 2d 129 (1962), the plaintiff allegedly fell on a sidewalk in which the

adjoining concrete slabs left a one inch declivity. Our Supreme Court in *Bagwell* affirmed the trial court's dismissal of the action on demurrer holding at page 466 that ". . . the alleged defect or irregularity is a difference in elevation of approximately one inch between two adjacent concrete sections of the sidewalk. Defendant's failure to correct this slight irregularity did not constitute a breach of its . . . duty." Also see: *Smith v. Hickory,* 252 N.C. 316, 113 S.E. 2d 557 (1960) ; *Falatovitch v. Clinton,* 259 N.C. 58, 129 S.E. 2d 598 (1963) ; 5 Strong, N. C. Index 2d, Municipal Corporations, § 14. But cf: *Radford v. Asheville,* 219 N.C. 185, 13 S.E. 2d 256 (1941).

Furthermore, it appears from plaintiff's own evidence— which is not disputed—and particularly the affidavit of Mrs. Brown, that plaintiff was guilty of contributory negligence as a matter of law.

It appears obvious that in this case defendants have met their burden to establish the lack of a triable issue of fact. They have presented materials which would require a directed verdict in their favor if presented at trial. See *Pridgen v. Hughes, supra; Haithcock v. Chimney Rock Co., supra.* The materials presented by plaintiff in opposition have shown nothing which would defeat a directed verdict. On the contrary, plaintiff's evidence on motion for summary judgment merely solidifies defendant's entitlement to a summary judgment.

The judgment of the trial court is

Affirmed.

Judges HEDRICK and ARNOLD concur.