TOWN OF SOUTHERN PINES, A MUNICIPAL CORPORATION v. DR. JACK MOHR, GEORGE PATE, DR. JOHN BENDER, THE REVEREND DON HARRIS, WILLIAM F. McLEAN, MRS. BETTY J. ROBERTS, MAYO BROWN, HAROLD HINSON, W. F. FLOYD, C. R. WARD, THOMAS G. GIBSON, DR. KENNETH NEWBOLD, MRS. ALTA COBLE, C. E. STEVENS, JR., AND MRS. ESTHER HUNTLEY, MEMBERS OF THE BOARD OF SOUTHEASTERN REGIONAL MENTAL HEALTH CENTER; DR. A. EUGENE DOUGLAS, AS AREA DIRECTOR OF THE SOUTHEASTERN REGIONAL MENTAL HEALTH CENTER; HENRY CARPARCO, PROGRAM DIRECTOR CHILDREN'S TREATMENT CENTERS OF SOUTHEASTERN REGIONAL MENTAL HEALTH CENTER; AND SOUTHEASTERN REGIONAL MENTAL HEALTH CENTER, AN UNINCORPORATED ASSOCIATION, DEFENDANTS AND CONSTANCE M. BAKER, ADDITIONAL DEFENDANT

No. 7520SC931

(Filed 4 August 1976)

Municipal Corporations § 30— children's treatment center — governmental agency — zoning ordinance — permitted use

    Defendants who operated within the area covered by plaintiff's zoning ordinance a children's treatment center for the teaching and treatment of children with emotional or mental problems were performing a public governmental function as an agency of the State, and such agency could operate at its location pursuant to the permitted use clause of Section 9.1 of the plaintiff's zoning ordinance.

APPEAL by plaintiff from *Long, Judge.* Judgment entered 26 June 1975 in Superior Court, MOORE County. Heard in the Court of Appeals 11 March 1976.

In a verified complaint filed on 6 September 1974, the plaintiff sought, inter alia, to enjoin permanently the defendants ". . . from the operation of a Children's Treatment Center on the Baker Property [also known as Duncraig Manor], or on any other property within the area covered by the Zoning Ordinance of the Town of Southern Pines wherein Children's Treatment Centers are not permitted." Apparently, the defendants leased the property ". . . for the purpose of carrying on and conducting a school and clinic for the teaching and treatment of children with emotional or mental problems and for such other purposes as are usual and customary in the conduct of such a Center."

More specifically, plaintiff maintained that this "school and clinic" violated the ". . . particular zoning district classified in the Zoning Ordinance of the Town of Southern Pines

as ', R.A. — Residential Agricultural,' and is identified . . . as Section 9.1 thereof." Further, plaintiff averred that ". . . the Residential — Agricultural District Regulations in the Ordinance of the Town of Southern Pines does not include Children's Treatment Centers as a permitted use; therefore, the use of said property and occupancy of same for the purpose of conducting a Children's Treatment Center therein is in violation of the provisions of the Zoning Ordinance above cited."

The named defendants subsequently moved to strike certain allegations and to join Mrs. Constance M. Baker, the owner and lessor of the property, as a party defendant. The court granted the motion to make Mrs. Baker a party and also granted parts of the motion to strike.

The original defendants' answer denied plaintiff's substantive allegations, maintained that the zoning ordinances violated certain constitutional rights and invoked the doctrine of sovereign immunity as an affirmative defense.

Defendant Baker's answer also denied plaintiff's substantive allegations and affirmatively sought a ruling that the defendants' use of the property was in compliance with the plaintiff's zoning ordinances.

On 23 June 1975 the original defendants moved for summary judgment. From summary judgment entered for the original defendants, plaintiff appealed.

Other facts necessary for decision are set out below.

*W. Lamont Brown, William D. Sabiston, Jr., Hurley E. Thompson, Jr., and Daniel W. Pate for plaintiff appellant.*

*Lee and Lee, by Helen H. Madsen and W. Osborne Lee, Jr.; Seawell, Pollock, Fullenwider, VanCamp & Robbins, by James R. VanCamp; Blanchard, Tucker, Twiggs & Denson, by Howard F. Twiggs, for original defendant appellees.*

MORRIS, Judge.

Plaintiff appellant contends in its sole assignment of error that the trial court erred in entering summary judgment for the original defendants. There is no merit to this contention.

Pursuant to Section 9.1 of the plaintiff's zoning ordinance, "permitted uses" include "[p]ublic buildings—town, county,

city, state, federal or regional authority." In its brief plaintiff concedes that:

"1. The Center is a local mental health clinic administered by the Department of Human Resources under Article 2A of Chapter 122 of the General Statutes of North Carolina. It is operated under the supervision and direction of the Department of Human Resources and funded by Federal-State grants-in-aid.

2. The Center is engaged in carrying out a program for emotionally disturbed children in certain counties of the State—but not in Moore County—under the direct control and supervision of the Department of Human Resources. The defendant, A. Eugene Douglas, is Area Director of the Center and is responsible to the Regional Director of the Regional Offices of the Division of Mental Health Services, and all these persons answer to and are under the authority of the Secretary of The Department of Human Resources.

3. The Department of Human Resources supervises all activities and controls policy in the operation of Duncraig Manor. It also audits the use of State funds by the Center.

4. The Center is subject to and employs personnel under the North Carolina Personnel Act including its operation at Duncraig Manor. Motor vehicles in use at Duncraig Manor bear permanent State vehicle license tags, and gasoline tax is not charged on gasoline bought for these vehicles. The Center and Duncraig Manor have the use of consultation services of all State agencies and for these services they pay no fee.

5. Funding for the Center is about 90% from the Department of Human Resources and funding for its operation at Duncraig Manor is more than 90% from the Department of Human Resources."

Plaintiff, however, maintains that the defendants do not perform any "governmental function." We consider plaintiff's position wholly without merit and hold that the defendants' use of the Center is a permitted use under the relevant zoning ordinances for the plaintiff town.

According to the defendants' uncontroverted evidence, the Center is primarily funded and controlled through a chain of

command by the North Carolina Department of Human Resources. The facility is rented from defendant Baker and the defendant Southeastern Regional Mental Health Center is the lessee. The Southeastern Regional Mental Health Center is, according to the affidavit of the Secretary of the Department of Human Resources, ". . . under the direct control and supervision of the Department of Human Resources and that the fiscal control of such is under the Department of Human Resources; . . ." According to the affidavit of Henry Carparco, an administrator with the Southeastern Regional Mental Health Center, the defendant Center "Duncraig Manor" is part of the Southeastern Regional Mental Health Center, and the Department of Human Resources ". . . directly supervises and controls all activity and policy at the children's treatment centers and specifically at Duncraig Manor by and through written directives which originate in Raleigh at the State offices of the Department of Human Resources and are channeled through Southeastern Regional Mental Health Center to Duncraig Manor and other children's treatment centers. . . ." Furthermore, the defendants' employees are hired pursuant to the North Carolina State Personnel Act. The defendants also utilize the State's computers at no charge, follow State directives, and use State vehicles.

In short, we consider this overwhelming evidence that the defendants are performing a public governmental function as an agency of the State and that such an agency can operate at Duncraig Manor pursuant to the permitted use clause of Section 9.1 of the plaintiff's zoning ordinance.

Furthermore, the statutory authority creating this system of regional and localized mental health centers and clinics supports our conclusion that the defendants are performing governmental functions. See: G.S. 122-35.1 et seq., especially G.S. 122-35.2.

We note also that included among the permitted uses of Section 9.1 of the ordinance are "[h]ospitals, nursing homes or sanitariums provided no buildings so used shall be within three hundred (300) feet of any lot line." Sanatorium is defined as "an establishment for the treatment of the sick esp. if suffering from chronic disease (as alcoholism, tuberculosis, nervous or mental disease) requiring protracted care." Webster's Third New International Dictionary of the English Language Unabridged (1968), p. 2008.

As we stated previously in *Pridgen v. Hughes,* 9 N.C. App. 635, 638, 177 S.E. 2d 425 (1970),

> " 'Summary judgment is to avoid a useless trial. It is a device to make possible the prompt disposition of controversies on their merits without a trial, if in essence there is no real dispute as to the salient facts. . . . While a day in Court may be a constitutional necessity when there are disputed questions of fact, the function of the motion of summary judgment is to smoke out if there is any case, i.e., any genuine dispute as to any material fact, and, if there is no case, to conserve judicial time and energy by avoiding an unnecessary trial and by providing a speedy and efficient summary disposition.' " (Citations omitted.)

Here, there is no dispute as to any material facts, and therefore, the Superior Court's entry of summary judgment is

Affirmed.

Judges HEDRICK and ARNOLD concur.