DOUGLAS WADE FORTE, a MINOR, BY HIS GUARDIAN AD LITEM, CLAUDIA RUTH
FORTE; AND CLAUDIA RUTH FORTE, INDIVIDUALLY v. DILLARD PAPER
COMPANY OF RALEIGH, INC. AND J. M. THOMPSON COMPANY

No. 7710SC173

(Filed 21 February 1978)

**Negligence § 51.3— attractive nuisance—roof near ground level—removal of fence
—fall through skylight**

Summary judgment was improperly entered for defendants in an action to
recover under the attractive nuisance doctrine for injuries sustained by the
five-year-old plaintiff when he fell through a skylight on the roof of the
building owned by one defendant and being repaired by the second defendant
where evidence before the court tended to show: defendant owner's building
had a flat roof and was 30 feet high in the front, but because of the slope of
the terrain, was only three feet from the ground level in back; a chain-link
fence approximately 12 feet high was normally at the rear of the building;
defendant owner employed defendant contractor to perform repairs on the
building; workmen of defendant contractor removed a portion of the chain-link
fence in order to perform the repairs and left the fence down at the end of the
day; defendant contractor's workmen observed some children behind the
building and warned them to stay away from the area; and the minor plaintiff
entered through the opening in the fence, climbed on the roof of the building,
and thereafter fell through one of the bubble-shaped skylights on the roof to
the concrete floor 25 feet below, suffering serious injuries.

APPEAL by plaintiffs from *Smith (Donald), Judge*. Judgment
entered 3 December 1976 in Superior Court, WAKE County.
Heard in the Court of Appeals 11 January 1978.

This is a civil action brought by the minor plaintiff by his
guardian ad litem, Claudia Ruth Forte, and by Claudia Ruth Forte
individually to recover for injuries sustained by the minor plain-
tiff when he fell through the roof of a building owned by de-
fendant, Dillard Company, and for expenses and lost earnings
incurred by and for mental anguish suffered by the plaintiff,
Claudia Ruth Forte, as a result of the injuries to the minor. The
complaint alleged that the defendant, Dillard Company, owned a
certain tract and one-story building in Raleigh, which had a flat
roof and was approximately thirty feet in height in front, but
which, because of the slope of the terrain, was only approximately
three feet high at the rear, with a chain-link fence approximately
twelve feet in height around the rear portion; that the roof con-
tained a number of bubble-shaped skylights; that there were a
number of homes and apartments nearby, with many small

children living in the area; that the defendant, Thompson Company, was employed by the defendant, Dillard Company, on the date of the injuries to the minor plaintiff as its agent to perform certain work in connection with the building; that on the date the injuries were sustained, employees of the Thompson Company, acting in the course and within the scope of their employment, opened or removed a portion of the fence, allowed it to remain in such condition, and left the area for the day; that the defendants knew that "the roof of said building was easily accessible to small children playing in the vicinity . . . and the roof of said building was an attractive and alluring area for children to play, and was extremely hazardous to small children," except for the fence around the building's rear portion. In the alternative, the plaintiffs alleged that employees of the defendant, Dillard Company, had opened or removed a portion of the fence, that Dillard Company knew, or in the exercise of reasonable care, should have known, that the fence's removal made the roof easily accessible and alluring to small children, and that an extremely hazardous condition had been thereby created.

As a result of the negligent acts or omissions of the defendants, the complaint alleged that on 28 May 1975, the minor plaintiff entered through the open fence and climbed on the roof; that thereafter, he broke through one of the skylights and fell approximately 25 feet to the concrete floor below, suffering serious injuries; that the minor plaintiff, five years old at the time of the fall, was attracted onto the roof and could not appreciate the dangers involved; and that the negligent acts or omissions of the defendants were the proximate cause of the minor plaintiff's fall and injuries.

The defendants answered, alleging that the fence had been removed in order to perform certain repairs to the rear portion of the building and that defendant, Dillard Company, had contracted with defendant, Thompson Company, to perform such repairs. Both defendants denied all allegations of their negligence and alternatively alleged contributory negligence on the part of Douglas Wade Forte and Claudia Ruth Forte. The defendants moved for summary judgment pursuant to Rule 56(b).

By affidavit, the Thompson Company's job supervisor stated that on 28 May 1975, he had taken a crew to the Dillard Building in order to perform certain work at the rear of the building; that

in order to perform the work, it had been necessary to remove the fence; that the crew had observed some children behind the building; that the children were warned to stay away from the area; that the crew did not know that children had been climbing on the roof; and that the roof and skylights appeared to be perfectly normal and usual in all respects. The Vice President of the defendant, Dillard Company, stated by affidavit that it had contracted in May 1975 with the defendant, Thompson Company, to make certain repairs at the rear of the building; that such repairs required that the fence be temporarily removed; that the fence was down on 28 May 1975 and was replaced the next day with additional height added to it; that while the fence was down, a sign was erected to the effect that there was danger and for people to keep off the property; and that on 28 May 1975, the roof and skylights were in generally good condition.

The plaintiff, Claudia Ruth Forte, submitted an affidavit in which she stated that she and her son resided in an apartment near the Dillard Building; that the roof at the rear of the building is only about three feet above ground level; that on 28 May 1975, her son had gone outside to play at approximately 5:30 p.m. and had been gone only about ten minutes when a neighborhood child informed her that her son had fallen through the roof; that when she arrived at the building, she observed the broken skylight above where her son was lying; and that the fence at the rear of the building had been partially opened or taken down.

Summary judgment was entered for defendants, and plaintiffs appealed.

*Dawkins, Toms & Beebe, by Frederic E. Toms, for the plaintiff appellants.*

*Smith, Anderson, Blount & Mitchell, by Samuel G. Thompson, for the defendant, Dillard Paper Company, appellee.*

*Teague, Johnson, Patterson, Dilthey & Clay, by Robert W. Sumner, for the defendant, J. M. Thompson Company, appellee.*

ERWIN, Judge.

The plaintiffs urge this Court to hold that there are sufficient, genuine issues of material facts in this case to reverse the trial court's holding that the defendants are entitled to a judg-

ment as a matter of the law. We conclude that the summary judgment entered below is improper.

In *Pridgen v. Hughes*, 9 N.C. App. 635, 177 S.E. 2d 425 (1970), this Court stated at p. 638:

"While neither the federal rules nor the North Carolina rule excludes the use of the procedure in negligence actions, it is generally conceded that summary judgment will not usually be as feasible in negligence cases where the standard of the prudent man must be applied. Barron and Holtzoff, Federal Practice and Procedure (Wright Ed.) Vol. 3, § 1232.1; Gordon, The New Summary Judgment Rule in North Carolina, *supra*. But summary judgment is proper where it appears that even if the facts as claimed by the plaintiff are proved, there can be no recovery, Barron and Holtzoff, Federal Practice and Procedure, *supra*, thus providing a device for identifying the factually groundless claim or defense."

In *Page v. Sloan*, 281 N.C. 697, 190 S.E. 2d 189 (1972), Justice Huskins, speaking for the Supreme Court, stated at p. 704 as follows:

"Our Rule 56 and its federal counterpart are practically the same. Authoritative decisions both state and federal, interpreting and applying Rule 56, hold that the party moving for summary judgment has the burden of 'clearly establishing the lack of any triable issue of fact by the record properly before the court. His papers are carefully scrutinized; and those of the opposing party are on the whole indulgently regarded.' 6 Moore's Federal Practice (2d ed. 1971) § 56.15[8], at 2439; *Singleton v. Stewart, supra*. Rendition of summary judgment is, by the rule itself, conditioned upon a showing by the movant (1) that there is no genuine issue as to any material fact, and (2) that the moving party is entitled to a judgment as a matter of law. G.S. 1A-1, Rule 56(b); *Kessing v. Mortgage Corp., supra*."

In order for the plaintiffs to recover at all, they must present evidence at the time of trial to show that this case comes within the so-called attractive nuisance doctrine which represents an exception to the general rule regarding liability of landowners for injuries sustained on the premises by trespassers.

Judge Morris, writing for this Court in *Lanier v. Highway Comm.*, 31 N.C. App. 304, 229 S.E. 2d 321 (1976), stated at pp. 310 and 311:

> " 'Generally, the attractive nuisance doctrine is applicable when, and only when, the following elements are present: (1) The instrumentality or condition must be dangerous in itself, that is, it must be an agency which is likely to, or probably will, result in injury to those attracted by, and coming into contact with, it. (2) It must be attractive and alluring, or enticing, to young children. (3) The children must have been incapable, by reason of their youth, of comprehending the danger involved. (4) The instrumentality or condition must have been left unguarded and exposed at a place where children of tender years are accustomed to resort, or where it is reasonably to be expected that they will resort for play or amusement, or for the gratification of youthful curiosity. (5) It must have been reasonably practicable and feasible either to prevent access to the instrumentality or condition, or else to render it innocuous, · without obstructing any reasonable purpose or use for which it was intended.' *McCombs v. City of Asheboro*, 6 N.C. App. 234, 242-43, 170 S.E. 2d 169 (1969), citing 65 C.J.S., Negligence, § 63 (76), p. 815."

Thompson's workmen had observed some children behind the building, and they were warned by the workmen to stay away from the area; the same crew left the fence down at the end of the day. Thereafter, the minor plaintiff went upon the building. Whether or not the defendants could foresee injury to the minor plaintiff is an issue to be resolved by application of the prudent man standard.

While it is frequently stated that even a child of very tender years should be held to appreciate the danger of falling from a height, this case does not permit such an easy resolution. Given the unusual construction of this building, with the easy access and allurement to the roof provided by the sloping terrain and removal of the fence, we cannot conclude as a matter of law that the plaintiffs will be unable to bring themselves within the so-called attractive nuisance doctrine. This five-year-old plaintiff, who wished to satisfy his childish curiosity and attracted by this roof a mere three feet from ground level, climbed onto it to play

Forte v. Paper Co.

with the plastic skylights, could not know that the floor was 25 feet below, and therefore, was unable to appreciate the danger. To us, a genuine issue of fact exists with reference to the dangerous condition presented to the minor plaintiff as he played on top of a plastic skylight on the roof of this building, as well as with reference to the other factors which have led us to conclude that the plaintiffs are entitled to try to establish themselves within the doctrine at a trial on the merits.

We have given full consideration to the comprehensive brief filed by the defendant appellants. We are mindful that there are several cases on the doctrine, some tending to support the plaintiffs' position and some tending to support the defendants' position, which are difficult to reconcile, because the facts are so vitally important in each case in this area.

Summary judgment is a drastic remedy, and there must be a cautious observance of its requirements to assure that no party is deprived of a trial when there are genuine issues of material fact.

The defendants have failed to establish as a matter of law that they were entitled to summary judgment.

Reversed and remanded.

Chief Judge BROCK and Judge VAUGHN concur.