Judges HEDRICK and ARNOLD concur.

---

ARNOLD BRYCE GIBSON v. WILLIAM GERALD TUCKER, JOSEPH E. LEWIS, AND ROLLINS LEASING CORPORATION

No. 7815SC931

(Filed 3 July 1979)

Automobiles § 76.2— truck parked on shoulder—failure to turn to avoid striking— contributory negligence

In an action to recover for personal injuries sustained by plaintiff when his truck collided with defendants' truck, evidence established plaintiff's contributory negligence as a matter of law where it tended to show that plaintiff saw defendants' truck while he was still approximately 200 feet away from it; when he first saw it, he realized it was standing still and blocking approximately five feet of the right-hand westbound traffic lane in which he was driving; there was no obstruction in the remaining approximately nineteen feet of the westbound lanes to the left of defendants' vehicle; and plaintiff realized that this was so and yet failed to turn his vehicle to the left even to the slight degree required to allow it to pass freely by defendants' stopped truck.

APPEAL by plaintiff from *Farmer, Judge*. Judgment entered 8 May 1978 in Superior Court, ORANGE County. Heard in the Court of Appeals 13 June 1979.

This is a civil action in which plaintiff seeks to recover damages for personal injuries suffered by him when the right front of the tractor-trailer driven by plaintiff collided with the left rear end of a tractor-trailer owned by the corporate defendant and being operated by its employees, the individual defendants.

The collision occurred at 12:25 a.m. on 26 October 1971, in the westbound portion of Interstate Highway I-85, a four lane divided highway having two lanes for westbound and two lanes for eastbound traffic, each traffic lane being twelve feet wide so that the two westbound lanes had a combined width of twenty-four feet. On the right-hand (north) side of the westbound lanes there was a paved shoulder approximately twelve feet wide. The posted speed limit was sixty-five miles per hour.

Plaintiff alleged that the collision occurred when plaintiff, "driving his vehicle at approximately 60 miles per hour, shortly after he came over the crest of the hill and began proceeding down the downgrade, saw defendants' vehicle stopped in his lane when it was approximately 200 feet ahead of him," and he was unable to avoid striking it. He alleged that the collision was caused by the negligence of the individual defendants in leaving their unlighted vehicle parked or standing on the main traveled portion of the highway. Defendants answered, denying plaintiff's allegations as to their negligence and pleading plaintiff's contributory negligence as a defense.

Defendants moved for summary judgment, supporting their motion by affidavits showing that plaintiff drove his vehicle into their fully lighted tractor-trailer while it was standing off of the main traveled lanes of the highway and entirely on the shoulder of the road, where it had been temporarily stopped for the purpose of changing drivers and checking safety equipment. Defendants also supported their motion by the transcript, sworn to by the court reporter, of testimony given by the plaintiff at the trial of a wrongful death action brought by the administratrix of the estate of a fellow driver of the plaintiff who was killed in the same collision. At that trial plaintiff testified that he first saw defendants' tractor-trailer when he was approximately 200 feet from it, that he was driving between fifty and fifty-five miles per hour, that when he first saw defendants' tractor-trailer it was standing still "partially in the road," that plaintiff estimated it to be "four or five feet" into the traveled portion of the highway, that there was nothing blocking the rest of the twenty-four foot highway to the left of defendants' tractor-trailer, that plaintiff saw it was open and unobstructed to the left-hand side, and that he could have passed it "[i]f there had been time enough to have passed it."

In opposition to defendants' motion for summary judgment, plaintiff filed his own affidavit in which he stated that he was driving in a westerly direction in the right-hand lane on the north side of I-85, that approximately 200 feet ahead of him he saw defendants' tractor-trailer "stopped on said highway with four or five feet of said trailer blocking said right-hand westbound lane," and that said tractor-trailer had no lights lighted on the rear of the trailer and no other lights lighted that were visible to traffic behind it in the westbound lane.

The court granted defendants' motion for summary judgment, and plaintiff appealed.

*Cooper and Williams by Robert E. Cooper and Sheila R. Benninger for plaintiff appellant.*

*Spears, Barnes, Baker & Hoof by J. Bruce Hoof for defendant appellees.*

PARKER, Judge.

Summary judgment for defendants was properly allowed. Although the affidavits filed in support and in opposition to defendants' motion disclose that a genuine issue of fact exists between the parties as to the exact location of defendants' tractor-trailer and as to whether it was lighted or unlighted when the collision occurred, plaintiff's own affidavit and his sworn testimony given at the prior trial disclose that, even if his version of the disputed facts is accepted as true, he was guilty of contributory negligence as a matter of law. Thus, there is no genuine issue as to any *material* fact and defendants are entitled to a judgment as a matter of law.

While it may be generally conceded that summary judgment will not usually be as feasible in negligence cases, where the standard of the prudent man must be applied, as it would in other types of cases, *Gladstein v. South Square Assoc.*, 39 N.C. App. 171, 249 S.E. 2d 827 (1978), summary judgment will be proper also in negligence cases where it appears that even if the facts as claimed by the plaintiff are proved, there can be no recovery. *Pridgen v. Hughes*, 9 N.C. App. 635, 177 S.E. 2d 425 (1970).

In the present case, accepting plaintiff's affidavit and his sworn testimony at the prior trial as true, and viewing all of the

evidentiary materials filed in connection with the motion for summary judgment in the light most favorable to the plaintiff as the non-movant, plaintiff's own evidence discloses that he saw defendants' tractor-trailer while he was still approximately 200 feet away from it, that when he first saw it he realized it was standing still and blocking approximately five feet of the right-hand westbound traffic lane in which he was driving, that there was no obstruction in the remaining approximately nineteen feet of the westbound lanes to the left of defendants' vehicle, that plaintiff saw and realized that this was so, and yet he failed to turn his vehicle to the left even to the slight degree required to allow it to pass freely by defendants' stopped tractor-trailer. Instead, he continued to drive straight ahead until the collision occurred. These facts, all of which are shown by plaintiff's own testimony and affidavit, establish his contributory negligence as a matter of law. "What is negligence is a question of law, and when the facts are admitted or established, the court must say whether it does or does not exist." *McNair v. Boyette*, 282 N.C. 230, 236, 192 S.E. 2d 457, 461 (1972).

The summary judgment for defendants is

Affirmed.

Chief Judge MORRIS and Judge MARTIN (Harry C.) concur.