ESSIE MAE WHITAKER v. CHARLES A. BLACKBURN, JR., AND MRS. CHARLES A. BLACKBURN, JR.

No. 7910DC1099

(Filed 3 June 1980)

1. **Rules of Civil Procedure § 56.6– summary judgment –negligence cases**

Summary judgment may be appropriate in negligence cases when it appears there can be no recovery for plaintiff even if the facts as claimed by plaintiff are accepted as true.

2. **Master and Servant § 23.1– duties of employer to employee – safe place to work – warning of dangers**

While an employer is not an insurer of his employee's safety, he does have a duty to exercise ordinary care to provide his employee with a reasonably safe place to work and to warn the employee of any dangers which are known to the employer and not to the employee.

3. **Master and Servant § 26.1– injury to domestic servant – absence of negligence by employers**

Summary judgment was properly entered for defendants in an action to recover for injuries suffered by plaintiff when a stairstep in defendants' dwelling collapsed and caused plaintiff to fall while she was doing domestic work for defendants where the evidence on motion for summary judgment showed that the stairstep came out of its grooves in the framework of the stairs; the stairsteps were wrapped by carpet which concealed the grooves and nails securing them; although defendants made no formal inspection of the stairway, they did use it and observe it daily; and defendants had never observed any defects or indications of possible defects in the stairs, the evidence being insufficient to show that a reasonable inspection would have disclosed the hidden defect which caused plaintiff's fall.

APPEAL by plaintiff from *Barnette, Judge.* Judgment filed 25 September 1979 in District Court, WAKE County. Heard in the Court of Appeals 14 May 1980.

Plaintiff brings this action to recover damages for injuries suffered when she fell while employed by defendants. She was standing on a stairstep near the top of the third floor of the stairway, when it collapsed and she fell to the basement, resulting in injuries to her foot and other bodily injuries.

Defendants allege that they leased the dwelling in question and had no knowledge of any defect in the stairs.

Defendants moved for summary judgment, and at the hearing the court had before it the pleadings, affidavit and deposition of plaintiff, and affidavit of defendant Charles A. Blackburn, Jr.

The evidence of plaintiff showed that she had been doing domestic work for defendants for about a year before the acci-

dent on 10 February 1978. Defendants were living in a rented house and she had worked there three or four times on Fridays. She did general cleaning work in the home. As a part of her duties, she cleaned the stairway by sweeping it. On the day she was hurt, she had started sweeping the stairs, backing down. As she stepped on the third or fourth step from the top, the whole step gave way. The treads on the stairs had no backs on them and "you could fall right through them." They were covered with carpet all the way around.

When she landed, the step fell on top of her; it had not broken, but had come off the sides of the supporting framework of the stairs. In going up and down the stairs, she never noticed anything that looked wrong with them or "heard them creak or make any funny dangerous sounds." She suffered injuries to her right foot and other bruises and injuries to her body, requiring treatment by physicians and medical expenses. After she fell, Mr. Blackburn told her he had heard one of the steps near the top "creak or crack" when he stepped on it earlier that same day. She had never heard any of the steps creak or crack before she fell.

Defendants' evidence showed that they were living in a condominium when the accident occurred and had been there about one month. After the accident, Mr. Blackburn found that the stairs are constructed with two parallel "strings" or "bridgeboards" connected on their inner sufaces by open-backed steps or treads. The steps are flat boards, unconnected to each other by risers. The steps are supported by grooves on the inside of the bridgeboards, the grooves being relatively shallow and only long enough to contain the width of each step. The steps are secured in the grooves by nails. When defendants moved in, the steps were wrapped by carpet that concealed the grooves and nails. Even the most careful inspection of the steps would not have disclosed any defective method of construction.

When Mr. Blackburn saw that plaintiff had fallen, he went to her and found a step that had slipped out of its grooves. He weighs about 200 pounds, some 50 pounds more than plaintiff, and had come down the steps about ten minutes before she fell. He had no knowledge prior to her fall that the staircase could be

of defective construction. Defendants had never heard any noises, such as "creaks," while using the stairs, nor had they felt a step "give" under them. None of the other persons in the condominium complex had experienced any similar problems with their staircases.

After the hearing, the court entered summary judgment for defendants. Plaintiff appeals.

*Kimzey, Smith & McMillan, by Duncan A. McMillan, for plaintiff appellant.*

*Johnson, Patterson, Dilthey & Clay, by D. James Jones, Jr., for defendant appellees.*

MARTIN (Harry C.), Judge.

[1] The only question on appeal is whether the court erred in granting summary judgment for defendants. Generally, summary judgment is not appropriate in negligence cases where the standard of the reasonably prudent man is to be applied to the facts. *Page v. Sloan,* 281 N.C. 697, 190 S.E. 2d 189 (1972); *Robinson v. McMahan,* 11 N.C. App. 275, 181 S.E. 2d 147, *cert. denied,* 279 N.C. 395, 183 S.E. 2d 243 (1971). However, summary judgment may be appropriate in negligence cases when it appears there can be no recovery for plaintiff even if the facts as claimed by plaintiff are accepted as true. *Pridgen v. Hughes,* 9 N.C. App. 635, 177 S.E. 2d 425 (1970). If the materials before the court at the summary judgment hearing would require a directed verdict for defendants at trial, defendants are entitled to summary judgment. *Id.* The holding in *Pridgen* has been followed in *Gibson v. Tucker,* 42 N.C. App. 214, 256 S.E. 2d 288 (1979); *Gladstein v. South Square Assoc.,* 39 N.C. App. 171, 249 S.E. 2d 827 (1978), *disc. rev. denied,* 296 N.C. 736, 254 S.E. 2d 178 (1979); *Robinson v. Moving and Storage, Inc.,* 37 N.C. App. 638, 246 S.E. 2d 839 (1978); *Forte v. Paper Co.,* 35 N.C. App. 340, 241 S.E. 2d 394, *disc. rev. denied,* 295 N.C. 89, 244 S.E. 2d 258 (1978); *Joyce v. City of High Point,* 30 N.C. App. 346, 226 S.E. 2d 856 (1976); *Town of Southern Pines v. Mohr,* 30 N.C. App. 342, 226 S.E. 2d 865 (1976); *Kiser v. Snyder,* 17 N.C. App. 445, 194 S.E. 2d 638, *cert.*

*denied,* 283 N.C. 257, 195 S.E. 2d 689 (1973), and is now firmly embedded in our body of law.

**[2]** An employer is not an insurer of his employee's safety, but he does have a duty to exercise ordinary care to provide his employee with a reasonably safe place to work, *Gaither v. Clement,* 183 N.C. 450, 111 S.E. 782 (1922), and to warn the employee of any dangers which are known to the employer and not to the employee. *Clark v. Roberts,* 263 N.C. 336, 139 S.E. 2d 593 (1965). As a concomitant part of their duty to provide plaintiff with a reasonably safe place in which to work, defendants must make a reasonable inspection of the premises to determine the presence of any dangerous conditions. *Burgess v. Power Co.,* 193 N.C. 223, 136 S.E. 711 (1927); *Orr v. Rumbough,* 172 N.C. 754, 90 S.E. 911 (1916). The defendants must make such inspection that a reasonably prudent person would make under the same or similar circumstances. *Young v. Barrier,* 268 N.C. 406, 150 S.E. 2d 734 (1966). Defendants' duty is to exercise ordinary care to keep the premises in a reasonably safe condition and to give warning or notice of hidden perils or unsafe conditions insofar as they can be ascertained by reasonable inspection and supervision. *Spell v. Smith-Douglas Co.,* 250 N.C. 269, 108 S.E. 2d 434 (1959).

**[3]** Applying these rulings to the facts of this case, we hold the summary judgment for defendants was properly granted. Although there is a factual dispute whether Mr. Blackburn heard *a* stairstep creak earlier in the day, it is not a material question of fact. There is no evidence that he heard a creak from the stairstep that gave way under plaintiff. Plaintiff stated in her affidavit that Mr. Blackburn told her he had heard "one of the steps at the top of the stairs creak" earlier that same day. Assuming the stair did so creak, it does not help plaintiff's case. If a reasonable inspection of the stairway is required by the creak, it would not have disclosed the hidden defect that plaintiff contends caused her fall. The stairs were completely wrapped in carpet, preventing defendants from seeing the manner of construction of the stairsteps and their condition. Although defendants made no formal inspection of the stairway, they did use it and observe it daily. Defendants had never observed any defects or indications of any possible defects in the stairs.

The mere existence of a condition which causes an injury is not negligence per se, and the occurrence of the injury does not raise a presumption of negligence. *Spell v. Contractors*, 261 N.C. 589, 135 S.E. 2d 544 (1964). Plaintiff has the burden to prove a breach of duty by defendants, and in this case must show that defendants knew of the defect in the stairway that caused her injury, or that they could have discovered it by the exercise of ordinary care. *Orr v. Rumbough, supra.* Plaintiff has failed so to do. The evidence before the trial court is insufficient to show that a reasonable inspection would have disclosed the hidden defect which caused plaintiff's fall. *Spell v. Smith-Douglas Co., supra.* The evidence and materials before the trial court would have required a directed verdict for defendants at trial. The entry of summary judgment for defendants was proper. *Kessing v. Mortgage Corp.*, 278 N.C. 523, 180 S.E. 2d 823 (1971); *Pridgen v. Hughes, supra.*

Affirmed.

Judges WEBB and WELLS concur.