BEULAH REID BAGWELL v. TOWN OF BREVARD.

(Filed 28 February, 1962.)

**1. Pleadings § 12—**

A demurrer admits the facts alleged but not the pleader's legal conclusions.

**2. Pleadings § 19; Negligence § 23—**

Whether the facts alleged in the complaint, admitted by demurrer, are sufficient to constitute negligence is a question of law.

**3. Municipal Corporations § 12—**

A municipal corporation is not an insurer of the safety of its sidewalks but is only under duty to exercise ordinary care to maintain them in a reasonably safe condition for travel by those using them in a proper manner and with due care, and the fact that there is a difference in elevation of approximately one inch between two adjacent concrete sections of a sidewalk does not constitute a breach of the municipality's legal duty.

WINBORNE, C.J., not sitting.

APPEAL by plaintiff from *Riddle, Special Judge,* August Special Term, 1961 of TRANSYLVANIA.

Personal injury action.

Plaintiff alleged she fell and was injured October 22, 1960, about 2:30 p.m., while walking along the sidewalk on the north side of Main Street approximately 25 feet from the intersection of Main and Caldwell Streets; that her fall was proximately caused by a defective and

dangerous condition in the sidewalk; and that defendant was negligent in that, with knowledge or notice thereof, it failed to correct said defective and dangerous condition.

Answering, defendant denied negligence and pleaded contributory negligence.

When the case came on for trial, defendant demurred *ore tenus* on the ground the facts alleged by plaintiff did not constitute actionable negligence.

Judgment, sustaining the demurrer and dismissing the action, was entered. Plaintiff excepted and appealed.

*J. Bruce Morton and Robert T. Gash for plaintiff appellant.*
*Ramsey, Hill & Smart for defendant appellee.*

PER CURIAM. The facts alleged, but not the pleader's legal conclusions, are deemed admitted when the sufficiency of a complaint is tested by a demurrer. Whether the admitted facts constitute negligence is a question of law.

Plaintiff's allegations describe the alleged defect and her fall as follows: (1) "(T)he said sidewalk was constructed of large concrete sections, approximately six feet square." (2) "(O)ne of the concrete sections was elevated approximately one inch above the adjacent concrete section." (3) When plaintiff's "left foot came to rest along the length of the irregular portion between the concrete sections," the "unequal pressure on the bottom of the plaintiff's foot" caused her ankle to turn, "throwing the plaintiff with great force down to the pavement."

The legal duty of defendant, a municipal corporation, is to exercise ordinary care to maintain its sidewalks in a reasonably safe condition for travel by those using them in a proper manner and with due care. It is not an insurer of the safety of its sidewalks.

Here, the alleged defect or irregularity is a difference in elevation of approximately one inch between two adjacent concrete sections of the sidewalk. Defendant's failure to correct this slight irregularity did not constitute a breach of its said legal duty. Hence, the judgment of the court below is affirmed.

Affirmed.

WINBORNE, C.J., not sitting.