FRANCES ELOISE FALATOVITCH v. CITY OF CLINTON.

(Filed 6 March 1963.)

**1. Municipal Corporation § 12—**

A municipality is under duty to exercise ordinary care to maintain its sidewalks in a reasonably safe condition for travel by those using them

in a proper manner and with due care, but it is not an insurer of the safety of its sidewalks.

**2. Same—**

Evidence that a broken place in the sidewalk some ten inches by seven inches had filled with dirt and trash level with the sidewalk, and that in walking along the sidewalk plaintiff's heel went into the hole and her ankle turned over causing her to fall, *is held* insufficient to overrule nonsuit, since a municipality's failure to correct such minor defect in the sidewalk cannot constitute a breach of its legal duty.

APPEAL by plaintiff from *Parker, J.,* October Civil Term 1962 of SAMPSON.

Personal injury action.

Plaintiff alleged she fell and was injured April 22, 1961; that she was walking along the sidewalk on College Street, Clinton, N. C., directly in front of the premises of Clinton Appliance and Furniture Company; that her fall was proximately caused when she stepped into an "opening and hole" in said sidewalk, "left uncovered and uneven" by defendant; and that defendant was negligent in that, with knowledge or notice thereof, it failed to correct said defective condition.

Answering, defendant denied negligence and pleaded contributory negligence.

At the conclusion of plaintiff's evidence, the court entered judgment of involuntary nonsuit and plaintiff appealed.

*Chesnutt & Chambliss for plaintiff appellant.*
*Harry M. Lee and M. B. Fowler for defendant appellee.*

PER CURIAM.  Plaintiff's evidence tends to show:

On Saturday, April 22, 1961, about 10:00 a.m., in leaving Clinton Appliance and Furniture Company, plaintiff stepped off the bottom step "into a hole about 10 inches long and about 6 inches wide, turned over (her) foot, and fell broadside." It was an "old hole" in the cement sidewalk. A witness who described the "crack" as "10 inches long and three or four inches wide" testified it had existed to his knowledge more than three years. It was filled with dirt, sand and trash and was "level with the street" (sidewalk).

Plaintiff had not noticed the defective place when she entered the store that morning. Nor had she noticed it on her previous visits to the store.

Plaintiff's testimony does not disclose what portion of her shoe went into the hole or crack. A witness testified he noticed plaintiff's

heel "could have fallen in that hole because there was rubber on the side of the crack." Another witness testified he observed "the print of (plaintiff's) heel where it went in the hole." Another witness testified that "(y)ou could tell by the sand that was dug out where her heel went in."

The complaint contains no description of the hole or crack. It is described in the evidence as set out above. There was no evidence as to the depth of the hole or crack.

The legal duty of defendant, a municipal corporation, is to exercise ordinary care to maintain its sidewalks in a reasonably safe condition for travel by those using them in a proper manner and with due care. It is not an insurer of the safety of its sidewalks.

While the evidence tends to show there was a hole or crack in the cement sidewalk, the evidence, in our opinion, was insufficient to establish actionable negligence. Defendant's failure to correct what must be considered a minor defect did not constitute a breach of its legal duty. Hence, the judgment of the court below is affirmed.

Affirmed.