LETTIE MAE GOWER v. CITY OF RALEIGH.

(Filed 19 April, 1967.)

1. Municipal Corporations § 12—

A municipality is not liable for injuries sustained by a pedestrian in a fall on a city street or sidewalk merely because of a defect in its sidewalk, curb or street unless such defect is of such nature and extent that a reasonable person, knowing of its existence, should have foreseen that it would likely cause injury, and the city had actual or constructive notice of its existence for a sufficient time prior to the fall to have remedied the · defect.

2. Same— Evidence held insufficient to be submitted to the jury in this action to recover for fall on municipal street.

Plaintiff testified that she fell when she stepped from the sidewalk to the street and the heel of the shoe on one foot caught in a crack in the street and the other foot slipped on some oily substance on the sidewalk. Plaintiff's evidence did not disclose how long the oily substance had been on the sidewalk and was conflicting as to whether she did or did not see the crack in the street before she stepped into the street. The accident occurred on the morning of a clear day. Held: Nonsuit was properly entered, since if plaintiff could not see the crack before stepping into the street the defect would not have been more visible to a city inspector than to her, while if she did observe the crack and the existence of the crack was

so clearly dangerous to users of the sidewalk that the city should have anticipated injury therefrom, plaintiff was contributorily negligent in not avoiding the crack.

**3. Appeal and Error § 41—**

Where the answer which the witness would have given if permitted to testify is not shown in the record it cannot be ascertained that its exclusion was prejudicial.

**4. Same—**

Where plaintiff's evidence is insufficient to be submitted to the jury, even if testimony excluded had been admitted, the exclusion of the testimony cannot be prejudicial.

APPEAL by plaintiff from *Mallard, J.*, at the 4 October 1966 Civil Session of WAKE.

The plaintiff sues for injuries sustained when she fell while walking upon the crosswalk at the intersection of Cabarrus Street and Fayetteville Street in Raleigh on 7 December 1965. She appeals from a judgment of nonsuit entered at the close of her evidence.

The complaint alleges that the plaintiff, intending to cross Cabarrus Street, stepped down with her left foot from the sidewalk to the surface of the street, that her left foot went into a crack in the street pavement while her right foot remained upon the sidewalk and slipped upon some oily substance thereon. It alleges that these conditions and events, in combination, caused her to fall and sustain a fracture of her knee cap and that the city was negligent in failing to exercise reasonable diligence in the inspection of the street and sidewalk, and in permitting these conditions to exist thereon.

The answer of the city denies any negligence by it. It denies any knowledge of the existence of the conditions upon the street and sidewalk of which the plaintiff complains. The city also alleged contributory negligence by the plaintiff in failing to keep a proper lookout and in failing to exercise due care for her own safety in view of the conditions which she alleges existed upon such street and sidewalk.

The plaintiff's evidence, considered in the light most favorable to her, was, in substance, as follows:

At the time of her injuries, she was 49 years of age. She was not a resident of Raleigh. On this occasion she arrived in the city by bus, disembarked at the south end of Fayetteville Street, and walked northwardly on the sidewalk to Cabarrus Street. She glanced down, then looked up at the stop light and started to cross the intersection. She did not observe the cracked place in the concrete until she stepped on it. When she did so, her left heel went down into the crack. Her right foot then slipped, it having been upon the

edge of the curb, and she fell on the street, sustaining a fracture of her knee.

At the time she stepped upon the cracked portion of the pavement, she could not tell that there was anything wrong with it "since it was not cracked sufficient enough to see it." She described the crack as "real small," saying, "You couldn't hardly see it until you stepped on it * * * it was not a cracked place until you stepped on it and my foot went down in it." (On cross examination the plaintiff stated that the crack was not in the street pavement but was on the curbing, it not being clear whether this referred to the gutter or the curb itself.) After she fell, she observed the oily substance upon which her right foot had slipped when her left heel became caught in the crack. The crack "was nothing to be alarmed at," but when she stepped on it her heel gave way. This occurrence took place at 9:20 a.m., 7 December 1965, a fair, pretty day. Had the plaintiff looked, she "could not have seen the oily spot," but after she fell she saw it.

*Paul F. Smith and Donald L. Smith for the City of Raleigh.*
*E. R. Temple and Ernest L. Culbreth for plaintiff appellant.*

PER CURIAM. The plaintiff's evidence establishes that the plaintiff fell at the time and place stated in the complaint and sustained serious injury as the result of her fall. This is not sufficient to impose liability upon the city. It is not liable to every pedestrian who falls and sustains an injury by reason of an inequality in the level of or a defect in its sidewalk, curb or street. The city is not liable for such injury unless it was negligent in failing to correct the defect within a reasonable time after it knew, or should have known, that it existed and was a hazard to persons using the street or walk in a proper manner. *Waters v. Roanoke Rapids,* 270 N.C. 43, ...... S.E. 2d ......; *Smith v. Hickory,* 252 N.C. 316, 113 S.E. 2d 557.

The plaintiff's evidence, taken as true, is not sufficient to permit a finding that the city knew of or, by reasonable inspection of its sidewalk and crosswalk, should have known of either the crack or the presence of the oily substance. She testified that at 9:20 a.m. on a clear day, she looked down before stepping off the curb and did not observe either condition. Neither would have been more visible to a city inspector than to her. There is nothing to indicate how long the oily substance had been upon the sidewalk or curb.

If, on the other hand, the plaintiff did observe the crack before she stepped on it, as her testimony at another point would indicate, and the existence of the crack was so clearly dangerous to users of

the sidewalk that the city should have anticipated injury therefrom, the plaintiff, having observed the crack, should also have recognized the danger of stepping upon it. Its small extent, according to her description, made it easy to avoid. If the city should have known the crack was a hazard to pedestrians, the plaintiff was negligent in stepping upon it, and thereby contributed to her own injury.

The plaintiff also excepts to certain rulings of the court sustaining objections to evidence offered by her. With reference to exception No. 8, the answer which the witness would have given is not shown in the record. Consequently, this ruling cannot be deemed prejudicial error. Had all the other proposed testimony been admitted, there would still be insufficient evidence to support a finding of negligence by the city.

Affirmed.