## CHARLEY W. TINDLE v. BOBBIE DAVIS DENNY

### No. 6921SC58

(Filed 5 February 1969)

**1. Trial § 21— nonsuit — consideration of evidence**

On motion to nonsuit, plaintiff's evidence is to be taken as true and all the evidence considered in the light most favorable to plaintiff, giving him the benefit of every fact and inference of fact pertaining to the issues which may be reasonably deduced from the evidence.

**2. Trial § 21— nonsuit — consideration of evidence**

Discrepancies and contradictions, even in plaintiff's evidence, are for the jury and not for the court and do not justify a nonsuit.

**3. Trial § 18— nonsuit — function of the court**

On motion to nonsuit, the function of the court is to determine only whether the facts and circumstances in evidence, considered in the light most favorable to plaintiff, tend to make out and sustain the cause of action alleged in the complaint.

**4. Trial § 18— function of the jury**

It is the function of the jury alone to weigh the evidence, determine the credibility of the witnesses and the probative force to be given their testimony, and determine what the evidence proves or fails to prove.

**5. Trial § 18— weight and credibility of evidence**

In weighing the credibility of the testimony, the jury has the right to believe any part or none of it.

**6. Automobiles § 92— motorcycles — duty to passenger — negligence — nonsuit**

Plaintiff's evidence tending to show that he was riding as a passenger on the "buddy seat" of defendant's motorcycle and that defendant suddenly started the motorcycle forward from a stopped position at a traffic signal in such a manner that it jumped forward, throwing plaintiff backwards and off the motorcycle and causing the injuries complained of, *held* sufficient to be submitted to the jury on the issue of defendant's negligence.

**7. Negligence § 1— negligence defined**

The common law standard of care required of any person is that degree of care for another's safety which a reasonably prudent man, under like circumstances, would exercise; the standard of care is constant under this rule, but the degree of care varies with the circumstances.

**8. Negligence § 1— degree of care**

A reasonably prudent man increases his watchfulness as the possibility of danger mounts; therefore, the degree of care required of one whose breach of duty is very likely to result in serious harm is greater than when the effect of such breach is not nearly so great.

**9. Negligence § 28— questions of law and of fact**

The standard of care is a part of the law of the case for the court to explain and apply; the degree of care required, under the particular circumstances, to measure up to the standard is for the jury to decide.

**10. Automobiles § 39.5— motorcycles**

Although it is not negligence *per se* for a motorcyclist to carry a passenger on a seat provided for that purpose, it would seem that a greater degree of care would be required in the operation of the motorcycle than if there were no passenger.

**11. Negligence § 35— nonsuit for contributory negligence**

A judgment of nonsuit on the ground of contributory negligence may be entered only when the plaintiff's evidence, considered alone and taken in the light most favorable to him, so clearly establishes the defense that no other reasonable inference or conclusion can be drawn therefrom.

**12. Automobiles § 94— motorcycles — contributory negligence of passenger**

Whether plaintiff-passenger, who was thrown from the "buddy seat" of defendant's motorcycle as it suddenly took off from a stopped position at a traffic signal, was guilty of contributory negligence in looking down at his feet while stopped instead of watching for change in light, *held* an issue for the jury.

APPEAL by plaintiff from *McConnell, J.,* 16 September 1968 Schedule B Session, FORSYTH Superior Court.

This is a civil action to recover damages for personal injury alleged to have proximately resulted from the negligent operation of a motorcycle by defendant.

From judgment of involuntary nonsuit entered at the close of all the evidence, plaintiff appealed.

*Wilson & Morrow, by John F. Morrow, for plaintiff appellant.*

*Hudson, Petree, Stockton, Stockton & Robinson, by J. Robert Elster, for defendant appellee.*

BROCK, J.

**[1-5]** On motion to nonsuit, the plaintiff's evidence is to be taken as true, and all the evidence must be considered in the light most favorable to the plaintiff, giving him the benefit of every fact and inference of fact pertaining to the issues which may be reasonably deduced from the evidence. The defendant's evidence which tends to impeach or contradict the plaintiff's evidence is not to be considered, but defendant's evidence may be considered to the extent that it is not in conflict with plaintiff's evidence and tends to make clear or

explain plaintiff's evidence. Discrepancies and contradictions, even in plaintiff's evidence, are for the jury and not for the court; and therefore, discrepancies and contradictions in the plaintiff's evidence do not justify a nonsuit. The function of the court is to determine only whether the facts and circumstances in evidence, considered in the light most favorable to the plaintiff, tend to make out and sustain the cause of action alleged in the complaint. And it is the function of the jury alone to weigh the evidence, determine the credibility of the witnesses and the probative force to be given their testimony, and determine what the evidence proves or fails to prove. In weighing the credibility of the testimony, the jury has the right to believe any part or none of it. *Brinkley v. Insurance Co.*, 271 N.C. 301, 156 S.E. 2d 225.

[6]    Testing plaintiff's evidence in the light of these principles, it discloses the following facts and circumstances. Plaintiff is a thirty-year-old male person who lived in Winston-Salem at the time of the injuries complained of. He had known defendant four or five years. On 24 January 1967 plaintiff encountered defendant at a restaurant in Winston-Salem, and asked defendant to take him for a ride on defendant's motorcycle. Plaintiff sat on the back portion of the seat, on what is generally known as the "buddy seat," which has a little rail around the back for the passenger to hold onto while riding. Plaintiff had ridden on a motorcycle before, but not in the last twelve years or more.

Defendant drove his motorcycle away from the restaurant with plaintiff riding as a passenger on the "buddy seat," and drove for a mile or more before the accident in question. While riding this mile or more they had to stop for at least one traffic signal, and plaintiff experienced no difficulty in holding on as defendant started from the stopped position. At the intersection of Vargrave Street and Waughtown Street defendant stopped for a red traffic light. Plaintiff was seated on the "buddy seat" holding to the rail around the seat with both hands. When the light turned green, defendant "taken (sic) off, it jumped, and it throwed (sic)" plaintiff backwards off the motorcycle causing the injuries complained of.

Webster's Third New International Dictionary (1968) defines *take off* as "to start off or away, often suddenly." Therefore, plaintiff's evidence tends to show that defendant suddenly started his motorcycle forward from a stopped position in such a manner that it jumped forward, throwing the plaintiff backwards and off the motorcycle causing the injuries for which plaintiff seeks to recover damages. We must, therefore, examine the standard of care owed by

defendant to plaintiff to determine whether the evidence in this case presents a question for the jury.

**[7-9]** The common law standard of care required of any person is that degree of care for another's safety which a reasonably prudent man, under like circumstances, would exercise. 6 Strong, N. C. Index 2d, Negligence, § 1, p. 3. The standard of care is constant under the above rule, but the degree of care varies with the circumstances. A reasonably prudent man increases his watchfulness as the possibility of danger mounts; therefore, the degree of care required of one whose breach of duty is very likely to result in serious harm is greater than when the effect of such breach is not nearly so great. Thus, the degree — that is the quantity — of care necessary to measure up to the standard is as variable as the attendant circumstances. That degree of care which a man of ordinary prudence would exercise under the circumstances may mean nothing more than care not to willfully or wantonly injure, or it may mean "the utmost degree of care," "the highest degree of care," or "the greatest degree of care." The *standard of care* is a part of the law of the case for the court to explain and apply. The *degree of care* required, under the particular circumstances, to measure up to the standard is for the jury to decide. *Pinyan v. Settle*, 263 N.C. 578, 139 S.E. 2d 863; *Rea v. Simowitz*, 225 N.C. 575, 35 S.E. 2d 871.

**[6, 10]** Although it is not negligence *per se* for a motorcyclist to carry a passenger on a seat provided for that purpose, it would seem that while carrying such a passenger a greater degree of care would be required in the operation of the motorcycle than if there were no passenger. 8 Am. Jur. 2d, Automobiles and Highway Traffic, § 559, p. 114. It is for the jury to determine whether, under the circumstances, the defendant exercised the care of a man of ordinary prudence in the manner in which he started his motorcycle from a stopped position, and whether defendant's conduct was a proximate cause of plaintiff's becoming dislodged from the "buddy seat."

**[11, 12]** Defendant contends that plaintiff was guilty of contributory negligence as a matter of law in looking down at his feet while stopped instead of watching for the traffic signal to turn green, and that the judgment of nonsuit should be sustained on this ground. A judgment of nonsuit on the ground of contributory negligence may be entered only when the plaintiff's evidence, considered alone and taken in the light most favorable to him, so clearly establishes the defense that no other reasonable inference or conclusion can be drawn therefrom. *Warren v. Lewis*, 273 N.C. 457, 160 S.E. 2d 305.

Plaintiff testified: "We stopped, and I was looking down at my

feet to make sure I had my feet back out of his way, and the light turned green and I didn't see it." This may require submission of an issue of contributory negligence, but it is for the jury to determine whether plaintiff's conduct was, or was not, the conduct of a reasonably prudent man under the circumstances, and whether it was also a proximate cause of his becoming dislodged from the "buddy seat."

It seems that his honor may have become overly impressed by the contradictions in plaintiff's evidence, and by the import of defendant's evidence. These were matters to be resolved by the jury.

It follows that we disagree with the trial judge's ruling, and that the judgment of nonsuit is

Reversed.

CAMPBELL and MORRIS, JJ., concur.