Judges JOHNSON and COZORT concur.

---

JOHN H. JOHNSON v. THE CITY OF WINSTON-SALEM

No. 8421SC1038

(Filed 4 June 1985)

**Municipal Corporations § 17.1— injury from sidewalk collapse—res ipsa loquitur— summary judgment for defendant improper**

> Summary judgment was improper for defendant City where plaintiff was walking along a sidewalk which was under the City's exclusive control, plaintiff was injured when the sidewalk collapsed, and none of the evidence tended to give an explanation for the giving way of the concrete sidewalk. Plaintiff's evidence was sufficient to invoke the doctrine of *res ipsa loquitur*, and that doctrine raises genuine issues of material fact as to negligence and proximate cause.

> Judge WHICHARD dissenting.

APPEAL by plaintiff from *Albright, Judge*. Order entered 22 August 1984 in Superior Court, FORSYTH County. Heard in the Court of Appeals 8 May 1985.

This is a civil action wherein plaintiff seeks to recover damages for personal injuries allegedly resulting when a public sidewalk under defendant's control collapsed under plaintiff's weight.

Defendant filed an answer denying the material allegations in plaintiff's complaint and alleging contributory negligence on the part of the plaintiff.

Defendant filed a motion for summary judgment which it supported with the pleadings, defendant's answers to plaintiff's interrogatories and plaintiff's testimony upon deposition. Plaintiff responded in opposition to the motion relying upon the pleadings, defendant's answers to plaintiff's interrogatories, plaintiff's testimony upon deposition and affidavits.

From summary judgment for defendant plaintiff appealed.

*The Law Firm of Billy D. Friende, Jr., by Donald R. Buie, for plaintiff, appellant.*

*Womble Carlyle Sandridge & Rice, by Roddey M. Ligon, Jr., and Gusti W. Frankel, for defendant, appellee.*

HEDRICK, Chief Judge.

Although the question is not raised or discussed by either party, we hold the evidentiary matter offered in evidence by plaintiff in opposition to defendant's motion for summary judgment is sufficient to invoke the doctrine of *res ipsa loquitur*, and such doctrine raises genuine issues of material fact as to negligence and proximate cause requiring us to reverse summary judgment for the defendant.

In order to invoke the doctrine of *res ipsa loquitur* plaintiff must show, "(1) that there was an injury, (2) that the occurrence causing the injury is one which ordinarily doesn't happen without negligence on someone's part, (3) that the instrumentality which caused the injury was under the exclusive control and management of the defendant." *Jackson v. Gin Co.*, 255 N.C. 194, 197, 120 S.E. 2d 540, 542 (1961). Where the plaintiff's evidence justifies the application of the doctrine of *res ipsa loquitur*, the nature of the occurrence itself and the inferences drawn from the evidence are sufficient to enable plaintiff, without direct proof of negligence, to make out a *prima facie* case and carry the case to the jury. *Young v. Anchor Co.*, 239 N.C. 288, 79 S.E. 2d 785 (1954). If more than one inference can be drawn from the facts, when defendant's negligence is the most likely cause of the injury, the doctrine of *res ipsa loquitur* should apply. *McPherson v. Hospital*, 43 N.C. App. 164, 258 S.E. 2d 410 (1979).

In the present case the forecast of evidence for plaintiff is that the sidewalk along which plaintiff was walking was under

the exclusive control of the City of Winston-Salem, *Husketh v. Convenient Systems*, 295 N.C. 459, 245 S.E. 2d 507 (1978), and plaintiff was injured when the sidewalk collapsed. None of the evidence contained in support of and in opposition to the motion for summary judgment tends to give an explanation for the giving way of the concrete sidewalk. We are of the opinion that the evidence is sufficient to raise genuine issues of material fact as to defendant's negligence and as to whether such negligence was the proximate cause of plaintiff's injury.

Reversed and remanded.

Judge WEBB concurs.

Judge WHICHARD dissents.

Judge WHICHARD dissenting.

Given the extent of the duty the law imposes on a municipality to pedestrians on its streets or sidewalks, I do not agree that the matter offered in evidence by plaintiff in opposition to defendant's motion for summary judgment is sufficient to raise a genuine issue of material fact as to defendant's negligence.

*Res ipsa loquitur* is not an independent basis for imposing liability. It imposes no duties on the defendant. *Res ipsa* is merely a method by which the plaintiff proves defendant's violation of the duty the law imposes. Byrd, *Proof of Negligence in North Carolina: Part I. Res Ipsa Loquitur*, 48 N.C.L. Rev. 452, 458-59 (1970). The effectiveness of the doctrine to show a breach of defendant's duty depends both upon the extent and nature of the duty owed and upon the circumstances shown by the evidence. Byrd at 459, citing *Lippard v. Johnson*, 215 N.C. 384, 1 S.E. 2d 889 (1939), and *Boone v. Matheny*, 224 N.C. 250, 29 S.E. 2d 687 (1944).

The law imposes on a municipality the duty of correcting defects on its streets and sidewalks within a reasonable time after it knows or should know that the defect exists and is a hazard to persons using the street or walk in a proper manner. *Gower v. Raleigh*, 270 N.C. 149, 151, 153 S.E. 2d 857, 859 (1967); *Waters v. Roanoke Rapids*, 270 N.C. 43, 153 S.E. 2d 783 (1967); *Smith v. Hickory*, 252 N.C. 316, 113 S.E. 2d 557 (1960); *Fitz-*

*gerald v. Concord,* 140 N.C. 110, 52 S.E. 309 (1905); *McClellan v. City of Concord,* 16 N.C. App. 136, 138, 191 S.E. 2d 430, 432 (1972). A municipality

> is not liable to every pedestrian who falls and sustains an in-
> jury by reason of . . . a defect in its sidewalk . . . . [It] is not
> liable . . . unless it was negligent in failing to correct the
> defect within a reasonable time after it knew, or should have
> known, that it existed and was a hazard to persons using the
> . . . walk in a proper manner. *Gower,* 270 N.C. at 151, 153
> S.E. 2d at 859.

The forecast of evidence here is clear that if a defect in the sidewalk existed it was neither observable nor foreseeably injurious to plaintiff, nor could it have been discovered by reasonable inspection. Thus, the notice requirement imposed by the cases cited herein has not been met. To apply the doctrine of *res ipsa loquitur* in such a situation would enlarge the duty of care now imposed by law on municipalities. *See e.g. Wallerman v. Grand Union Stores,* 221 A. 2d 513 (N.J. 1966) (customer who slipped on string bean recovered under *res ipsa* without evidence of how long bean had been on floor or who put it there; deliberate policy decision to enlarge proprietor's duty); *Dement v. Olin-Mathieson Chem. Corp.,* 282 F. 2d 76 (5th Cir. 1960) (*res ipsa* applied to multiple defendants for policy reasons).

Our Supreme Court has stated expressly that "[t]he doctrine of *res ipsa loquitur* does not apply in actions against municipalities by reason of injuries to persons using its public streets." *Gettys v. Marion,* 218 N.C. 266, 269, 10 S.E. 2d 799, 801 (1940). Because the notice requirement applies to defects in sidewalks as well as streets, the above rule would appear equally applicable in sidewalk cases. *Smith,* 252 N.C. at 318, 113 S.E. 2d at 559.

In my view the effect of the majority's application of *res ipsa loquitur* is to abrogate existing limits on a municipality's liability for injuries caused by defects in its streets or sidewalks. Such abrogation is the prerogative of the Supreme Court or the legislature, not of this Court.

Finding no forecast of evidence that defendant municipality knew or should have known of the defect in its sidewalk which allegedly caused plaintiff's injuries, I believe summary judgment

for defendant was proper under the well-established case law of this jurisdiction. I therefore vote to affirm.