VIRGINIA D. DESMOND, Plaintiff v. CITY OF CHARLOTTE, a Municipal Corporation, Defendant

No. COA00-260

(Filed 3 April 2001)

**1. Appeal and Error— appealability—contributory negligence—judgment n.o.v.—substantial right**

Although an appeal from the trial court's grant of judgment notwithstanding the verdict in favor of plaintiff on the issue of contributory negligence is an interlocutory order, defendant has a substantial right to an immediate appeal under N.C.G.S. § 1-277(a) and N.C.G.S. § 7A-27(d) because the issue of whether the trial court was correct in overturning the jury's verdict on contributory negligence remains central to the case and needs to be addressed.

**2. Cities and Towns— maintenance of sidewalks—negligence action—denial of city's motion for directed verdict improper**

The trial court erred in a negligence case involving a municipality's duty to keep its public sidewalks in proper repair under N.C.G.S. § 160A-296(a)(1) by denying defendant city's motion for a directed verdict at the close of plaintiff's evidence, because: (1) the testimony of plaintiff's expert that the depression in the sidewalk that caused plaintiff's fall existed for a number of years and had been at least one-half of an inch for one to two years before the accident is not sufficient to raise an inference of negligence since the law with regard to municipalities and maintenance of sidewalks is such that minor defects are not actionable; and (2) plaintiff presented no evidence that the city received actual notice or constructive notice of the sidewalk defect before plaintiff fell.

Judge HUDSON dissenting.

Appeal by defendant from orders entered 13 May 1999 and 16 September 1999 by Judge Forrest Donald Bridges in Mecklenburg County Superior Court. Heard in the Court of Appeals 22 January 2001.

**DESMOND v. CITY OF CHARLOTTE**

[142 N.C. App. 590 (2001)]

*Law Offices of Chandler deBrun Fink & Hayes, by Walter L. Hart, IV, for plaintiff-appellee.*

*Crews & Klein, P.C., by James N. Freeman, Jr. and Andrew W. Lax, for defendant-appellant.*

EAGLES, Chief Judge.

Defendant appeals the trial court's grant of judgment notwithstanding the verdict and a new trial to plaintiff, and also the trial court's denial of defendant's own motion for a directed verdict. Because we hold that the plaintiff failed to present sufficient evidence upon which a jury could find that the city of Charlotte was negligent, we reverse.

The evidence tended to show that on the evening of 15 April 1997, plaintiff met two friends for dinner at a restaurant in uptown Charlotte. After leaving the restaurant at approximately 7:45 p.m., the women "were walking along talking" on the way to the parking deck where plaintiff's car was located. The women walked three abreast with the plaintiff positioned on the side nearest the curb. As they approached the parking garage, plaintiff's toe went into a depression in the sidewalk causing her to fall.

After the fall, the women examined the sidewalk and were able to see a difference in elevation between the two sidewalk slabs where plaintiff fell. At trial, plaintiff's expert testified that the difference in elevation was 1.6 inches.

At the close of plaintiff's evidence, plaintiff and defendant both made motions for a directed verdict pursuant to N.C.R. Civ. P. 50(a), which were denied. Defendant offered no further evidence. The jury found that the city was negligent in maintaining the sidewalks, but also found that the plaintiff was contributorily negligent.

Thereafter, plaintiff filed a motion for judgment notwithstanding the verdict pursuant to N.C.R. Civ. P. 50(b) and a motion for a new trial pursuant to N.C.R. Civ. P. 59 which were granted upon re-hearing. The trial court found that defendant had "failed to produce more than a scintilla of evidence that the plaintiff was contributorily negligent." The court granted a new trial on damages alone.

Defendant then moved for judgment notwithstanding the verdict and for a new trial on the issue of its negligence. The motions were denied, and it is from this order that defendants appeal.

**[1]** Although the litigants have not raised the issue in their briefs, we note initially that this appeal is interlocutory. The issue of damages has not yet been tried. *Veazey v. City of Durham*, 231 N.C. 357, 57 S.E.2d 377 (1950). However, we find the procedural history of this case similar to that of *Bowden v. Latta*, 337 N.C. 794, 448 S.E.2d 503 (1994), in which the Supreme Court found the defendants had a right to immediate appeal under G.S. § 1-277(a) and 7A-27(d). In *Bowden*, the jury found one co-defendant negligent and the plaintiff contributorily negligent. The trial court granted plaintiff's judgment notwithstanding the verdict on the issue of contributory negligence and granted a new trial on the issue of damages. The Supreme Court reversed the Court of Appeals' determination that the appeal was premature, holding:

> Regardless of whether an appellate court undertakes a substantive appeal now or after the parties have gone through a trial on damages, the issue of whether the trial judge was correct in overturning the jury verdict on contributory negligence remains central and will, in any event, need to be addressed. Deciding the matter now would streamline the process by delineating, as well as limiting, the remaining issues that could be litigated and appealed.

*Id.* at 797, 448 S.E.2d at 505. Accordingly, we now address defendant's appeal.

**[2]** We first address the trial court's denial of defendant's motion for a directed verdict at the close of plaintiff's evidence. G.S. § 160A-296(a)(1) sets forth the statutory duty of a municipality to keep its public sidewalks "in proper repair." "While the city is not an insurer of the safety of one who uses its streets and sidewalks, it is under a duty to use due care to keep its streets and sidewalks in a reasonably safe condition for the ordinary use thereof." *Mosseller v. Asheville*, 267 N.C. 104, 107, 147 S.E.2d 558, 561 (1966). A city will not be liable for injuries caused by "[t]rivial defects, which are not naturally dangerous." *Id.* at 109, 147 S.E.2d at 562. Municipalities do not insure that the condition of its streets and sidewalks are at all times absolutely safe. *McClellan v. City of Concord*, 16 N.C. App. 136, 191 S.E.2d 430 (1972). Municipalities are responsible

> only for negligent breach of duty, which is made out by showing that (1) a defect existed, (2) an injury was caused thereby, (3) the City officers knew, or should have known from ordinary supervi-

DESMOND v. CITY OF CHARLOTTE

[142 N.C. App. 590 (2001)]

sion, the existence of the defect, and (4) that the character of the defect was such that injury to travelers therefrom might reasonably be anticipated.

*Id.* at 138, 191 S.E.2d at 432 (citation omitted). "Notice of a dangerous condition in a street or sidewalk will be imputed to the town or city, if its officers should have discovered it in the exercise of due care." *Smith v. Hickory*, 252 N.C. 316, 318, 113 S.E.2d. 557 (1960).

Here plaintiff's experts testified that the depression existed for a number of years and had been at least one-half of an inch for 1-2 years before the accident. This depression was contrary to the building code. However, we hold that this testimony is not sufficient to raise an inference of negligence. In *Joyce v. City of High Point*, 30 N.C. App. 346, 226 S.E.2d 856 (1976), the trial court properly entered summary judgment for the city when the irregularity in the sidewalk was 1-2 inches and the plaintiff did not see the irregularity before the fall. *Id.* at 350, 226 S.E.2d at 858. Our Supreme Court in *Bagwell v. Brevard*, 256 N.C. 465, 124 S.E.2d 129 (1962), held that plaintiff did not allege actionable negligence on the part of the town when the change in the sidewalk was approximately one inch. *Id.* at 466, 124 S.E. 2d at 130. In *Watkins v. Raleigh*, 214 N.C. 644, 200 S.E. 424 (1939), our Supreme Court held that a hole in the sidewalk which was 2½ feet wide and 2 or more inches in depth was trivial. *Id.* In *Falatovitch v. Clinton*, 259 N.C. 58, 129 S.E.2d 598 (1963), plaintiff fell in an opening of the sidewalk. *Id.* The defect had been there for at least three years. *Id.* at 59, 129 S.E.2d at 599. The defect was ten inches long, and several inches wide. *Id.* Our Supreme Court held that "[w]hile the evidence tends to show there was a hole or crack in the cement sidewalk, the evidence, in our opinion, was insufficient to establish actionable negligence. Defendant's failure to correct what must be considered a minor defect did not constitute a breach of its legal duty." *Id.* at 60, 129 S.E.2d at 599.

In addition, plaintiff presented no evidence that the city received actual notice or constructive notice of the sidewalk defect before the plaintiff fell. The sidewalk was constructed in 1988 and there are no records of complaints regarding this sidewalk since 1994, when the municipality began maintaining such records. The plaintiff did not present any evidence tending to establish constructive notice of the defect. In *Willis v. City of New Bern*, 137 N.C. App. 762, 529 S.E.2d 691 (2000) the municipality rebutted the plaintiff's attempt to infer notice by introducing the affidavit of one of the city employees. *Id.* at 765, 529 S.E.2d at 693. The employee testified there were no records

of any complaints or requests for improvement to the sidewalks in that area. *Id.* Here, a city employee testified that the records were void of any complaints of defects in this sidewalk. This Court in *Willis* further held

> [t]he happening of an injury does not raise the presumption of negligence. There must be evidence of notice either actual or constructive. The existence of a condition which causes injury is not negligence *per se*. The doctrine of *res ipsa loquitur* does not apply in actions against municipalities by reason of injuries to persons using its public streets.

*Id.*; *Smith*, 252 N.C. at 318, 113 S.E.2d at 559 (citations omitted).

In a similar case *Gower v. Raleigh*, 270 N.C. 149, 153 S.E.2d 857 (1967), our Supreme Court held that the plaintiff's evidence, taken as true, was not sufficient to permit a finding that the city had actual or constructive knowledge of the defect. *Id.* at 151, 153 S.E.2d at 859. The Court held that according to plaintiff's testimony, a reasonable inspection of its sidewalk and crosswalk would not have led to an inspector noticing the defect. *Id.* Mrs. Gower testified that she looked down before stepping off the curb and did not observe the defects. *Id.* She testified it was a clear day. *Id.* The Court held that the defect would not be more visible to a city inspector than to her. *Id.* The Court further held that if the plaintiff did "observe the crack before she stepped on it . . . and the existence of the crack was so clearly dangerous to users of the sidewalk that the city should have anticipated injury therefrom, the plaintiff, having observed the crack, should also have recognized the danger of stepping upon it. . . . If the city should have known the crack was a hazard to pedestrians, the plaintiff was negligent in stepping upon it, and thereby contributed to her own injury." *Id.* at 151-52, 153 S.E.2d at 859.

Although expert testimony regarding defects and their correlation with building codes typically gives rise to an inference of negligence sufficient to allow a jury to determine the issue, on this record it does not. The law with regard to municipalities and maintenance of sidewalks is such that minor defects are not actionable.

Because we hold that the defendant's motion for directed verdict should have been granted at the close of plaintiff's evidence, we do not address the remaining issues. Accordingly the court's denial of defendant's motion for directed verdict is

**DESMOND v. CITY OF CHARLOTTE**

[142 N.C. App. 590 (2001)]

Reversed and remanded for entry of judgment for the defendant.

Judge SMITH concurs.

Judge HUDSON dissents.

Judge HUDSON, dissenting.

I believe plaintiff submitted sufficient evidence of defendant's negligence to allow the jury's verdict to stand. Thus, I respectfully dissent to the majority's decision that the trial court should have granted defendant's motion for a directed verdict on that issue.

The majority finds that the sidewalk defect of which plaintiff complains was trivial as a matter of law and points to *Watkins v. Raleigh*, 214 N.C. 644, 200 S.E. 424 (1939), *Joyce v. City of High Point*, 30 N.C. App. 346, 226 S.E.2d 856 (1976), *Bagwell v. Brevard*, 256 N.C. 465, 124 S.E.2d 129 (1962), and *Falatovitch v. Clinton*, 259 N.C. 58, 129 S.E.2d 598 (1963), in support of its position. I believe these cases are distinguishable. *Watkins* was decided on the basis of contributory negligence—the Supreme Court declined to explicitly address the issue of the whether the sidewalk defect was trivial as a matter of law. Most significantly, in none of the cases cited by the majority did the plaintiff present expert testimony regarding standards of care in the maintenance of sidewalks.

In the present case, plaintiff presented testimony from civil engineering expert Peter Verna and engineering and accident reconstruction expert Michael Dickinson that the condition of the sidewalk upon which plaintiff fell was defective. Verna indicated that the sidewalk had settled over time because the soil beneath it had not been properly compacted prior to pouring the concrete. Dickinson testified that the difference in elevation between the two sidewalk slabs was more than three times that allowed by several applicable state and national safety codes. Both men opined that its condition resulted in an increased probability that pedestrians would trip and fall.

Randolph Jones, defendant's employee in charge of the city's sidewalk repair program, admitted that the sidewalk upon which plaintiff fell did not meet "the requirements of standards of good repair." Also, the city investigator who inspected the site shortly after plaintiff's accident labeled the sidewalk as "hazardous."

Thus, the present case differs from *Watkins, Joyce, Bagwell,* and *Falatovitch* in that there was a wealth of evidence, including testimony by engineering experts and a representative of the city itself, from which a jury could and did find that defendant had breached its duty to maintain the sidewalk in a reasonably safe condition. Although the standard of care in a negligence case is a question of law, the degree of care required to measure up to the standard under the particular circumstances of the case is an issue for the jury. *Tindle v. Denny,* 3 N.C. App. 567, 570, 165 S.E.2d 351, 354 (1969).

Thus, I believe the question of whether defendant kept the sidewalk "in a reasonably safe condition for the ordinary use thereof," *Mosseller v. Asheville,* 267 N.C. 104, 107, 147 S.E.2d 558, 561 (1966), and whether the character of the defect was not trivial "such that injuries . . . might reasonably be foreseen," *id.* at 108, 147 S.E.2d at 561, was properly for the jury to decide. To hold that the defect was trivial as a matter of law based upon cases decided decades earlier and in which no expert testimony was presented overlooks the fact that safety standards evolve over time.

I also believe plaintiff presented sufficient evidence that defendant had constructive notice of the defect in order to take the issue to the jury. "It is the duty of the city to exercise a reasonable and continuing supervision over its streets in order that it may know their condition and it is held to have knowledge of a defect which such inspection would have disclosed to it." *Mosseller,* 267 N.C. at 108-09, 147 S.E.2d at 562.

Randolph Jones testified that at the time of plaintiff's accident, the city did not have a program for routine inspection of its sidewalks. An inspection was conducted only if requested by a citizen. A jury could have used this information to support the conclusion that defendant failed to exercise due care to discover defects in its sidewalks.

Furthermore, "when observable defects in a highway [or sidewalk] have existed for a time so long that they ought to have been observed, notice of them is implied, and is imputed to those whose duty it is to repair them." *Fitzgerald v. Concord,* 140 N.C. 110, 113, 52 S.E. 309, 310 (1905) (citation omitted). Here, engineering expert Peter Verna testified that the sidewalk slab in question began settling shortly after construction in 1988 and the settlement had continued gradually since that time. By 1991, the difference in elevation between the slabs would have been two-thirds of an inch. He opined

that when the difference becomes half an inch, the sidewalk needs to be fixed. Expert Michael Dickinson testified that the difference in elevation had been in excess of half an inch for between one year, two months and six years before the date of plaintiff's fall.

"On the question of notice implied from the continued existence of a defect, no definite or fixed rule can be laid down as to the time required and it is usually a question for the jury on the facts and circumstances of each particular case . . . ." *Id.* at 114, 52 S.E. at 310. Here, there was expert testimony regarding the length of time the defect had been in existence in the sidewalk upon which plaintiff fell. *Cf. Smith v. Hickory*, 252 N.C. 316, 319, 113 S.E.2d 557, 560 (1960) (noting that plaintiff's guess as to how long sidewalk defect had existed was conjecture and that she had no expert testimony on the issue).

By contrast, in *Willis v. City of New Bern*, 137 N.C. App. 762, 529 S.E.2d 691 (2000), cited by the majority as a case in which the Court found a lack of constructive notice, there was no evidence as to how long the sidewalk defect had been in existence. Furthermore, in *Willis*, there is no indication evidence was presented regarding the city's inspection program or lack thereof.

*Gower v. Raleigh*, 270 N.C. 149, 153 S.E.2d 857 (1967), is also distinguishable. In *Gower*, plaintiff alleged the city was negligent in failing to repair a crack in the street and remove an oily substance from the sidewalk. The Court, in holding there was no constructive notice to the city, found there was "nothing to indicate how long the oily substance had been upon the sidewalk or curb." 270 N.C. at 151, 153 S.E.2d at 859. By contrast, in the present case, there was evidence as to how long the sidewalk defect had existed.

The *Gower* court further commented that if plaintiff herself had not noticed the crack in the street, which she described as being "real small," then the city's inspectors could not have been expected to see it either. *Id.* The Court appears to presume there will be inspections of the sidewalk by the city, but in the case before us defendant admitted it conducted none. Furthermore, in this case, witnesses testified the sidewalk defect was easily visible.

*Gower* did point out that if a defect is easily visible, normally a plaintiff will be found to be contributorily negligent by failing to avoid it. *Id.* at 151-52, 153 S.E.2d at 859. However, in this case, there was lay and expert testimony that the defect was not visible to a per-

son walking *in the direction plaintiff was walking.* There was evidence that the elevation difference, however, would be clearly visible to a person approaching from the opposite direction. Thus, this case presents an unusual mix of facts, where there was evidence that the defect was large enough to be noticed on inspection, yet plaintiff was unable to see it before falling through no fault of her own.

In conclusion, I believe there was sufficient evidence of a breach of duty on the part of defendant in failing to repair the defect in question, and sufficient evidence that defendant had constructive notice of the defect, in order to take the case to the jury. Furthermore, in that defendant failed to present "more than a scintilla of evidence" that plaintiff was contributorily negligent, the trial court also properly granted plaintiff's motions for judgment notwithstanding the verdict on that issue and for a new trial on the issue of damages. Thus, I vote to affirm the decision of the trial court in all respects.