JO LINDA STRICKLAND, Plaintiff v. CITY OF RALEIGH, Defendant(s)

No. COA09-962

(Filed 18 May 2010)

**Cities and Towns— fall in crosswalk—one inch height difference from sidewalk—summary judgment for defendant**

The trial court correctly granted summary judgment for defendant in a negligence action arising from plaintiff's fall in a crosswalk. Plaintiff causally linked her fall solely to a one-inch difference in the sidewalk and crosswalk, but her forecast of evidence, including falls by others, failed to establish that the defect was not trivial. Furthermore, the statute giving cities authority and control over sidewalks, N.C.G.S. § 160A-296, does not change the analysis of defendant's duty to maintain its sidewalks, nor does it appear that the building code provisions cited by plaintiff are applicable to the sidewalk in this case.

Appeal by plaintiff from order entered 24 April 2009 by Judge W. Osmond Smith, III in Superior Court, Wake County. Heard in the Court of Appeals 19 November 2009.

*Mast, Schulz, Mast, Johnson, Wells & Trimyer, P.A. by George B. Mast and Ron L. Trimyer, Jr., for plaintiff-appellant.*

*City Attorney Thomas A. McCormick by Deputy City Attorney Hunt K. Choi, for defendant-appellee.*

STROUD, Judge.

The trial court allowed summary judgment in favor of defendant, dismissing plaintiff's claim for personal injury arising from a fall. Plaintiff appealed from the summary judgment order. For the following reasons, we affirm.

STRICKLAND v. CITY OF RALEIGH

[204 N.C. App. 176 (2010)]

## I. Background

On or about 25 January 2008, plaintiff filed a complaint against defendant alleging that

> [o]n the afternoon of August 19, 2005, the Plaintiff was traveling on foot along Martin Street in the Fayetteville Street Mall area in Raleigh, Wake County, North Carolina. As the Plaintiff was walking between two crosswalks at Port City Java and First Citizens Bank on Martin Street, she stepped onto the edge of the crosswalk which was elevated at a height not readily noticeable to pedestrians and which was uneven with the rest of the crosswalk. This caused the Plaintiff's right ankle to roll, subsequently causing her to lose her balance and fall, striking her left knee on the pavement.

Plaintiff further alleged that as a result of the fall, she suffered severe and permanent injuries to her ankle, foot, and knee and incurred medical expenses and loss of income.

On 24 March 2008, defendant answered plaintiff's complaint by denying most of plaintiff's allegations and alleging as affirmative defenses contributory negligence and that defendant "is not liable in tort for injuries or damages arising from minor or trivial defects." On 9 March 2009, defendant filed a motion for summary judgment alleging numerous reasons why plaintiff's claim should fail.

On or about 16 April 2009, Carolyn Passley, a street vendor who had worked for several years near the location of plaintiff's fall, submitted an affidavit. Ms. Passley averred that the defect in the sidewalk was "dangerous to passersby due [to] its location in downtown Raleigh, the nature of the defect, and the number of prior incidents." Ms. Passley further averred that

> [o]ver the past several months prior to Jo Linda Strickland's fall, I had observed numerous individuals fall or trip at the same place Jo Linda Strickland fell. I had been told by Mr. Simmons, (first name unknown) a maintenance employee with the City of Raleigh, prior to the fall, that the defect in the cross walk needed to be fixed due to the nature and hazard of the defect and the number of prior incidents at the same location. Mr. Simmons is now retired but was employed by the City of Raleigh as an employee to maintain the mall both before and at the time of Jo Linda Strickland's fall.

Plaintiff also submitted an affidavit in opposition to defendant's summary judgment motion, averring that the sidewalk was defective due to "an approximate amount of [a] one inch difference in elevation[.]" Plaintiff also stated in her affidavit that "[t]he condition of the sidewalk was not noticeable by reason of the color of the pavement where the defect was located. The defect in this particular area of the side walk[sic] was hazardous and dangerous and was not merely an insignificant or trivial defect." Plaintiff further averred

[t]hat the North Carolina Accessibility Code (1999) Volume I-C, 3.3(b) provides "public walks shall have a continuous common surface that shall not be interrupted by steps or abrupt changes in level greater than one-fourth inch. If walks cross drive-ways or parking lots, then they shall blend to a common level by means of curb cuts, curb ramps or sloped areas whose gradient shall not exceed 1:12.

Furthermore, in response to a request for admissions from defendant, plaintiff admitted that she did not know how long the condition of the sidewalk had existed as it was on the day of her fall and that the difference in height between the two surfaces "was approximately one inch, and not more than two inches.

On 24 April 2009, the trial court allowed defendant's motion for summary judgment because the trial court concluded that a "one inch difference in the walking surface constituted a minor or trivial defect as a matter of law, and that the City of Raleigh's failure to correct such defect did not constitute a breach of its duty to keep its sidewalk in reasonably safe condition or proper repair." Plaintiff appeals.

II. Standard of Review

Summary judgment is proper when

the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law. A trial court's grant of summary judgment receives *de novo* review on appeal, and evidence is viewed in the light most favorable to the non-moving party.

*Fairway Outdoor Adver. v. Edwards*, —— N.C. App. ——, ——, 678 S.E.2d 765, 768-69 (2009) (citation omitted).

STRICKLAND v. CITY OF RALEIGH

[204 N.C. App. 176 (2010)]

### III. Analysis

The trial court allowed summary judgment in favor of defendant because it concluded that the defect in the sidewalk upon which plaintiff fell was a "trivial defect[.]"

> While the city is not an insurer of the safety of one who uses its streets and sidewalks, it is under a duty to use due care to keep its streets and sidewalks in a reasonably safe condition for the ordinary use thereof. A city will not be liable for injuries caused by trivial defects, which are not naturally dangerous. Municipalities do not insure that the condition of its streets and sidewalks are at all times absolutely safe.

*Desmond v. City of Charlotte*, 142 N.C. App. 590, 592, 544 S.E.2d 269, 271 (2001) (citations, quotation marks, and brackets omitted).

In *Desmond*, this Court conducted a thorough review of cases which have found trivial defects:

> In *Joyce v. City of High Point*, 30 N.C. App. 346, 226 S.E.2d 856 (1976), the trial court properly entered summary judgment for the city when the irregularity in the sidewalk was 1-2 inches and the plaintiff did not see the irregularity before the fall. *Id.* at 350, 226 S.E.2d at 858. Our Supreme Court in *Bagwell v. Brevard*, 256 N.C. 465, 124 S.E.2d 129 (1962), held that plaintiff did not allege actionable negligence on the part of the town when the change in the sidewalk was approximately one inch. *Id.* at 466, 124 S.E.2d at 130. In *Watkins v. Raleigh*, 214 N.C. 644, 200 S.E. 424 (1939), our Supreme Court held that a hole in the sidewalk which was 2 1/2 feet wide and 2 or more inches in depth was trivial. *Id.* In *Falatovitch v. Clinton*, 259 N.C. 58, 129 S.E.2d 598 (1963), plaintiff fell in an opening of the sidewalk. *Id.* The defect had been there for at least three years. *Id.* at 59, 129 S.E.2d at 599. The defect was ten inches long, and several inches wide. *Id.* Our Supreme Court held that while the evidence tends to show there was a hole or crack in the cement sidewalk, the evidence, in our opinion, was insufficient to establish actionable negligence. Defendant's failure to correct what must be considered a minor defect did not constitute a breach of its legal duty. *Id.* at 60, 129 S.E.2d at 599.

*Desmond* at 593, 544 S.E.2d at 271 (quotation marks and brackets omitted). In *Desmond* though the "plaintiff's experts testified that the depression existed for a number of years and had been at least one-

half of an inch for 1-2 years before the accident[, and t]his depression was contrary to the building code[,]" the plaintiff still did not "raise an inference of negligence." *Id.*

Furthermore, in *Bagwell v. Brevard*, the plaintiff sued the Town of Brevard for negligence after she fell on a sidewalk. 256 N.C. 465, 465-66, 124 S.E.2d 129, 129 (1962). Both the plaintiff in *Bagwell* and plaintiff *sub judice* causally link their falls solely to an approximately one-inch difference in the sidewalk. *See id.* at 466, 124 S.E.2d at 129. In *Bagwell*, the North Carolina Supreme Court affirmed the trial court's dismissal of plaintiff's case because "the alleged defect or irregularity is a difference in elevation of approximately one inch between two adjacent concrete sections of the sidewalk. Defendant's failure to correct this slight irregularity did not constitute a breach of its said legal duty." *Id.* at 466, 124 S.E.2d at 130.

Plaintiff attempts to distinguish her case from the numerous cases regarding "trivial defects" by noting "[t]his particular defect obviously cannot be considered trivial as a matter of law, if numerous other persons have . . . fallen because of that same defect while walking over it." However, plaintiff's forecast of evidence, including that numerous others have fallen in the same location, fails to establish that the defect was not trivial. *See id.* Plaintiff does not direct our attention to any case law that establishes that if numerous individuals have fallen, the one-inch defect is not trivial. In fact, the cases noted in *Desmond* include defects that have been on the sidewalk for "at least three years" and are as large as "2 1/2 feet wide and 2 or more inches in depth[.]" *Id.* The simple fact that others have fallen where plaintiff did does not establish that the defect upon which plaintiff fell was not a trivial defect.

Plaintiff also argues that "[d]efendant failed to comply with the statutorily-provided duty of authority and control in maintaining its pedestrian passageways[.]" Plaintiff directs our attention to N.C. Gen. Stat. § 160A-296 which provides that

> (a) A city shall have general authority and control over all public streets, sidewalks, alleys, bridges, and other ways of public passage within its corporate limits except to the extent that authority and control over certain streets and bridges is vested in the Board of Transportation. General authority and control includes but is not limited to:
>
> (1) The duty to keep the public streets, sidewalks, alleys, and bridges in proper repair;

(2) The duty to keep the public streets, sidewalks, alleys, and bridges open for travel and free from unnecessary obstructions[.]

N.C. Gen. Stat. § 160A-296(a)(1)-(2) (2005).

In *Desmond*, this Court discussed N.C. Gen. Stat. § 160A-296 and ultimately concluded that "[t]he law with regard to municipalities and maintenance of sidewalks is such that minor defects are not actionable." 142 N.C. App. 590, 592-94, 544 S.E.2d 269, 272. Furthermore, plaintiff has not cited any cases that establish that N.C. Gen. Stat. § 160A-296 imposes a greater or different duty than that of the common law. Thus, N.C. Gen. Stat. § 160A-296 does not change our analysis of defendant's duty to maintain its sidewalks.

Lastly, plaintiff contends that "the legislature has preempted the common law" by enacting the North Carolina State Building Code. Plaintiff cites the Building Code regarding its regulation of "public walks." However, plaintiff's cited provision falls within Part II of the Building Code. Part II is entitled "NEW CONSTRUCTION" and applies "If The Construction Was Commenced After January 26, 1992." N.C. State Building Code, Vol. I-C, Part II (1999). Here, plaintiff has failed to allege when the sidewalk was constructed or last renovated. From our review of the Building Code and the record before us, it does not appear that the Building Code provisions cited by plaintiff are applicable to the sidewalk upon which plaintiff fell. Furthermore, plaintiff's affidavit does not assert that this Building Code provision actually applies to the sidewalk on which she fell or that the Building Code would require defendant's compliance as to this sidewalk. Plaintiff's affidavit appears to treat the Building Code as a standard of care which may create an affirmative duty to correct even a trivial defect of less than one inch in a sidewalk, even if the Building Code is not strictly applicable to the sidewalk in question. However, as plaintiff has not demonstrated that the Building Code actually applies to the sidewalk on which she fell, we do not find that it changes the standard of care which has been established by North Carolina's courts, as discussed above.

Lastly, plaintiff contends that "the rule of triviality itself is antiquated because safety standards evolve over time." However, antiquity has never been a reason for this Court to overrule its own prior case law or that of the North Carolina Supreme Court; indeed, this Court does not have authority to do so. *Meza v. Division of Soc. Servs.*, 193 N.C. App. 350, 362, 668 S.E.2d 571, 578 (2008) ("It is for the

Supreme Court and not the Court of Appeals to overrule decisions of our Supreme Court." (citation omitted)); *In re T.M.H.*, 186 N.C. App. 451, 455, 652 S.E.2d 1, 3 ("This Court is bound by its prior decisions encompassing the same legal issue." (citation omitted)), *disc. review denied*, 362 N.C. 87, 657 S.E.2d 31 (2007). Accordingly, this argument is meritless.

### IV. Conclusion

For the foregoing reasons, we conclude that the trial court properly granted summary judgment in favor of defendant.

AFFIRMED.

Judges HUNTER, JR. and ERVIN concur.